IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY H. JAY,<br><br>      Plaintiff/Counterclaim<br>      Defendant,<br><br>      v.<br><br>SPECTRUM BRANDS HOLDINGS, INC., SPECTRUM BRANDS, INC., and SHASER, INC.,<br><br>      Defendants/Counterclaimants. | No. 1:13-cv-8137-LTS |

## SPECTRUM'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendants Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser, Inc. (collectively, "Spectrum") answer Plaintiff's Complaint as follows:

### The Parties

1. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies the same.

2. Admitted as to sentence one of Paragraph 2 of the Complaint with the correction that Spectrum Brands Holdings, Inc.'s principal place of business is at 3001 Deming Way, Middleton, WI 53562; denied as to sentence two.

3. Admitted as to sentence one of Paragraph 3 of the Complaint with the correction that Spectrum Brands, Inc.'s principal place of business is at 3001 Deming Way, Middleton, WI 53562; denied as to sentence two.

4.  Admitted as to sentence one of Paragraph 4 of the Complaint with the correction that Shaser, Inc.'s principal place of business is at 10 Maguire Road, Building 1, Lexington, MA 02421; denied as to sentences two and three.

5.  Denied.

### Nature of the Action

6.  The allegations of Paragraph 5 state conclusions of law to which no response is required.  Spectrum denies it has "infringe[d] of one or more of several U.S. patents owned by Dr. Jay."

7.  Denied.

8.  Denied.

9.  The allegations of Paragraph 9 state conclusions of law to which no response is required.  To the extent a response is required, admitted.

10. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences one and four of Paragraph 10 of the Complaint, therefore, denies the same.  Spectrum admits the allegations in sentences two and three of Paragraph 10.

11. Denied.

12. Denied.

### Summary

13. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies the same.

14. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies the same.

15. Spectrum admits that the face of the Patents-In-Suit attached to the Complaint indicate that the United States Patent and Trademark Office ("USPTO") issued to Harvey H. Jay:

(A) U.S. Patent No. 6,824,542 on November 30, 2004, based on an application filed on November 8, 2002;

(B) U.S. Patent No. 6,916,316 on July 12, 2005 and an ex parte reexamination certificate on March 30, 2010, based on an application filed on June 18, 2003;

(C) U.S. Patent No. 7,175,617 on February 13, 2007 and an ex parte reexamination certificate on March 23, 2010, based on an application filed on April 18, 2003;

(D) U.S. Patent No. 7,553,308 on June 30, 2009, based on an application filed on February 21, 2006; and

(E) U.S. Patent No. 8,393,330 on March 12, 2013, based on an application filed on June 25, 2012.

Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and, therefore, denies the same.

16. Denied.

17. Spectrum admits that the face of the '316 and '617 Patents (reexamination certificates) attached to the Complaint indicate that reexamination of at least some claims of those patents by the USPTO was requested on August 26, 2008.  Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint and, therefore, denies the same.

18. Spectrum admits that the face of the '617 Patent (reexamination certificate) attached to the Complaint indicates that on the USPTO, on March 23, 2010, confirmed the

patentability of claims 18-21 and 31, cancelled claim 32, added new claims 33-36, and did not reexamine claims 1-17 and 22-30.  Spectrum denies the remaining allegations of Paragraph 18.

19. Spectrum admits that the face of the '316 Patent (reexamination certificate) attached to the Complaint indicates that on the USPTO, on March 30, 2010, confirmed the patentability of claims 29, 30, 32 and 33, and did not reexamine claims 1-28, 31 and 34-42.  Spectrum denies the remaining allegations of Paragraph 19.

20. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, denies the same.  Spectrum denies that the Accused Products "appear to embody the technology that Dr. Jay had previously invented, patented, and disclosed to SPECTRUM."

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, denies the same.

28. Denied.

29. Denied.

//

//

//

**The Patents-In-Suit**

30. Spectrum admits that the face of Exhibit A attached to the Complaint indicates that the USPTO issued to Harvey H. Jay U.S. Patent No. 6,824,542, titled "Temporary Hair Removal Method," on November 30, 2004.

31. Spectrum admits that the face of Exhibit B attached to the Complaint indicates that the USPTO issued to Harvey H. Jay U.S. Patent No. 6,916,316, titled "Hair Treatment Method," on July 12, 2005.

32. Spectrum admits that the face of Exhibit C attached to the Complaint indicates that the USPTO issued to Harvey H. Jay U.S. Patent No. 7,175,617, titled "Hair Treatment Method," on February 13, 2007.

33. Spectrum admits that the face of Exhibit D attached to the Complaint indicates that the USPTO issued to Harvey H. Jay U.S. Patent No. 7,553,308, titled "Hair Treatment Method," on June 30, 2009.

34. Spectrum admits that the face of Exhibit E attached to the Complaint indicates that the USPTO issued to Harvey H. Jay U.S. Patent No. 8,393,330, titled "Hair Treatment System and Method," on March 12, 2013.

35. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, denies the same.

36. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, denies the same.

37. Spectrum admits that it has does not have a license to the Patents-In-Suit and denies that any a such license is needed.

ActiveUS 124564927v.1

38. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, therefore, denies the same.

39. Spectrum lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, therefore, denies the same.

### First Count for Relief – Infringement of the '542 Patent

40. Spectrum incorporates by reference its responses to the preceding paragraphs of the Complaint.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

### Second Count for Relief – Infringement of the '316 Patent

51. Spectrum incorporates by reference its responses to the preceding paragraphs of the Complaint.

52. Denied.

53. Denied.

54. Denied.

ActiveUS 124564927v.1

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

### Third Count for Relief – Infringement of the '617 Patent

62. Spectrum incorporates by reference its responses to the preceding paragraphs of the Complaint.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

### Fourth Count for Relief – Infringement of the '308 Patent

73. Spectrum incorporates by reference its responses to the preceding paragraphs of the Complaint.

- 8 -

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

**Fifth Count for Relief – Infringement of the '330 Patent**

84. Spectrum incorporates by reference its responses to the preceding paragraphs of the Complaint.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

ActiveUS 124564927v.1

**Prayer For Relief**

Spectrum states that the Prayer for Relief of the Complaint contains requests for relief to which no response is required.  To the extent that a response is required, Spectrum denies that Plaintiff is entitled to any such relief.

\*\*\*

Spectrum denies all allegations in the Complaint not expressly denied, not expressly admitted, or otherwise responded to herein.

**AFFIRMATIVE DEFENSES**

Spectrum asserts the following affirmative and other defenses.  By asserting such defenses, Spectrum does not concede that it has the burden of proving the matter asserted.

**First Affirmative Defense – Non-Infringement**

Spectrum has not infringed, and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, or by inducement, any valid and enforceable claim of any of the Patents-in-Suit.

**Second Affirmative Defense – Invalidity**

The claims of each of the Patents-In-Suit are invalid, unenforceable, and/or void for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including, but not limited to, §§ 101, 102, 103, and/or 112.

**Third Affirmative Defense – Laches, Waiver, Acquiescence, and/or Estoppel**

Plaintiff's claims are barred, in whole or in part, by laches, waiver, acquiescence, and estoppel.

**Fourth Affirmative Defense – Limitation of Damages and Recovery**

Plaintiff's ability to recover damages and/or costs is limited by 35 U.S.C. §§ 286-288.

- 10 -

### Fifth Affirmative Defense -- No Injunctive Relief

Plaintiff's demand for injunctive relief is barred by the availability of an adequate remedy at law, to the extent any remedy is justified. In addition, Plaintiff will not suffer irreparable harm or injury if denied injunctive relief.

### Sixth Affirmative Defense

Spectrum has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely upon such other affirmative defenses as may become available or apparent during discovery. Spectrum further reserves the right to amend its Answer and/or Affirmative Defenses accordingly, and/or to forego affirmative defenses that Spectrum determines during the course of subsequent discovery are not applicable.

## **SPECTRUM'S COUNTERCLAIMS**

Counterclaimants Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser, Inc. (collectively, "Spectrum") assert the following counterclaims against Counterclaim-Defendant Harvey H. Jay ("Plaintiff"), and allege as follows:

### **Nature of the Action**

1. Spectrum seeks a judicial declaration as to its noninfringement of and the invalidity of U.S. Patent Nos. 6,824,542 ("'542 Patent"), 6,916,316 ("'316 Patent"), 7,175,617 ("'617 Patent"), U.S. Patent No. 7,553,308 ("'308 Patent"), and U.S. Patent No. 8,393,330 ("'330 Patent") (collectively, the "Patents-In-Suit").

### **Parties**

2. Spectrum Brands Holdings, Inc. is a Delaware corporation with a principal place of business in Wisconsin.

3. Spectrum Brands, Inc. is a Delaware corporation with a principal place of business in Wisconsin.  Spectrum Brands, Inc. is a wholly-owned subsidiary of Spectrum Brands Holdings, Inc.

4. Shaser, Inc. is a Delaware corporation with a principal place of business in Massachusetts.  Spectrum Brands Holdings, Inc., together with Spectrum Brands, Inc., owns an approximately 56% interest in Shaser, Inc.

5. Spectrum is a leading supplier of consumer batteries, residential locksets, residential builders' hardware and faucets, shaving and grooming products, personal care products, small household appliances, specialty pet supplies, lawn and garden and home pest control products, and personal insect repellents.  Helping to meet the needs of consumers worldwide, Spectrum offers a broad portfolio of market-leading, well-known, and widely trusted

ActiveUS 124564927v.1

brands including Rayovac®, Kwikset®, Weiser®, Baldwin®, National Hardware®, Pfister®, Remington®, Varta®, George Foreman®, Black & Decker®, Toastmaster®, Farberware®, Tetra®, Marineland®, Nature's Miracle®, Dingo®, 8-in-1®, FURminator®, Littermaid®, Spectracide®, Cutter®, Repel®, Hot Shot® and Black Flag®.  Spectrum's products are sold by the world's top retailers and are available in more than one million stores in approximately 140 countries.

6. Upon information and belief, and according to the allegations of Paragraph 1 of the Complaint, Plaintiff in an individual residing in Scarsdale, New York.

7. Each of the Patents-In-Suit lists Harvey H. Jay as inventor of the claims therein.

8. Spectrum has developed and sells Remington® i-LIGHT® Pro products that, according to the allegations of Paragraph 7 and other paragraphs of the Complaint, allegedly infringe the Patents-In-Suit.

**Jurisdiction and Venue**

9. The Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.

10. Plaintiff has subjected himself to personal jurisdiction by suing Spectrum in this District, and, in any event, Plaintiff is subject to personal jurisdiction of this Court because, upon information and belief, and according to the allegations of Paragraph 1 of the Complaint, Plaintiff resides in Scarsdale, New York and engages in the practice of medicine in New York, New York.

11. Venue in this District is based on 28 U.S.C. §§ 1391 and 1400.

**First Counterclaim for Relief**
**(Declaratory Judgment – Non-infringement of the '542 Patent)**

12. Spectrum repeats and realleges every paragraph above, as if fully set forth herein.

- 12 -

13. Plaintiff by his Complaint has charged Spectrum with infringing, directly, contributorily, and by inducement, the '542 Patent.

14. Spectrum has not infringed and is not infringing, directly, contributorily, or by inducement, any valid claim of the '542 Patent.

15. To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy that Plaintiff's accusations have precipitated, Spectrum is entitled to declaratory judgment that it has not infringed and is not infringing, directly, contributorily, or by inducement, any valid claim of the '542 Patent.

**Second Counterclaim for Relief**
**(Declaratory Judgment – Non-infringement of the '316 Patent)**

16. Spectrum repeats and realleges every paragraph above, as if fully set forth herein.

17. Plaintiff by his Complaint has charged Spectrum with infringing, directly, contributorily, and by inducement, the '316 Patent.

18. Spectrum has not infringed and is not infringing, directly, contributorily, or by inducement, any valid claim of the '316 Patent.

19. To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy that Plaintiff's accusations have precipitated, Spectrum is entitled to declaratory judgment that it has not infringed and is not infringing, directly, contributorily, or by inducement, any valid claim of the '316 Patent.

**Third Counterclaim for Relief**
**(Declaratory Judgment – Non-infringement of the '617 Patent)**

20. Spectrum repeats and realleges every paragraph above, as if fully set forth herein.

21. Plaintiff by his Complaint has charged Spectrum with infringing, directly, contributorily, and by inducement, the '617 Patent.

ActiveUS 124564927v.1

22.     Spectrum has not infringed and is not infringing, directly, contributorily, or by inducement, any valid claim of the '617 Patent.

23.     To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy that Plaintiff's accusations have precipitated, Spectrum is entitled to declaratory judgment that it has not infringed and is not infringing, directly, contributorily, or by inducement, any valid claim of the '617 Patent.

**Fourth Counterclaim for Relief**
**(Declaratory Judgment – Non-infringement of the '308 Patent)**

24.     Spectrum repeats and realleges every paragraph above, as if fully set forth herein.

25.     Plaintiff by his Complaint has charged Spectrum with infringing, directly, contributorily, and by inducement, the '308 Patent.

26.     Spectrum has not infringed and is not infringing, directly, contributorily, or by inducement, any valid claim of the '308 Patent.

27.     To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy that Plaintiff's accusations have precipitated, Spectrum is entitled to declaratory judgment that it has not infringed and is not infringing, directly, contributorily, or by inducement, any valid claim of the '308 Patent.

**Fifth Counterclaim for Relief**
**(Declaratory Judgment – Non-infringement of the '330 Patent)**

28.     Spectrum repeats and realleges every paragraph above, as if fully set forth herein.

29.     Plaintiff by his Complaint has charged Spectrum with infringing, directly, contributorily, and by inducement, the '330 Patent.

30.     Spectrum has not infringed and is not infringing, directly, contributorily, or by inducement, any valid claim of the '330 Patent.

ActiveUS 124564927v.1

31. To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy that Plaintiff's accusations have precipitated, Spectrum is entitled to declaratory judgment that it has not infringed and is not infringing, directly, contributorily, or by inducement, any valid claim of the '330 Patent.

### Sixth Counterclaim for Relief
### (Declaratory Judgment – Invalidity of the '542 Patent)

32. Spectrum repeats and realleges every paragraph above, as if fully set forth herein.

33. One or more of the claims of the '542 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103 and 112.

34. To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy that Plaintiff's accusations have precipitated, Spectrum is entitled to a declaratory judgment that one or more of the claims of the '542 Patent is invalid.

### Seventh Counterclaim for Relief
### (Declaratory Judgment – Invalidity of the '316 Patent)

35. Spectrum repeats and realleges every paragraph above, as if fully set forth herein.

36. One or more of the claims of the '316 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103 and 112.

37. To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy that Plaintiff's accusations have precipitated, Spectrum is entitled to a declaratory judgment that one or more of the claims of the '316 Patent is invalid.

ActiveUS 124564927v.1

### Eighth Counterclaim for Relief
### (Declaratory Judgment – Invalidity of the '617 Patent)

38.     Spectrum repeats and realleges every paragraph above, as if fully set forth herein.

39.     One or more of the claims of the '617 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103 and 112.

40.     To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy that Plaintiff's accusations have precipitated, Spectrum is entitled to a declaratory judgment that one or more of the claims of the '617 Patent is invalid.

### Ninth Counterclaim for Relief
### (Declaratory Judgment – Invalidity of the '308 Patent)

41.     Spectrum repeats and realleges every paragraph above, as if fully set forth herein.

42.     One or more of the claims of the '308 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103 and 112.

43.     To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy that Plaintiff's accusations have precipitated, Spectrum is entitled to a declaratory judgment that one or more of the claims of the '308 Patent is invalid.

### Tenth Counterclaim for Relief
### (Declaratory Judgment – Invalidity of the '330 Patent)

44.     Spectrum repeats and realleges every paragraph above, as if fully set forth herein.

45.     One or more of the claims of the '330 Patent is invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability

ActiveUS 124564927v.1

under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103 and 112.

46. To resolve the legal and factual questions raised by Plaintiff and to afford relief from the uncertainty and controversy that Plaintiff's accusations have precipitated, Spectrum is entitled to a declaratory judgment that one or more of the claims of the '330 Patent is invalid.

## Prayer for Relief

WHEREFORE, Spectrum respectfully prays for judgment against Plaintiff as follows:

(1) Plaintiff takes nothing by his Complaint;

(2) Declare that Plaintiff is not entitled to any of the injunctive relief requested in its Complaint;

(3) Dismiss with prejudice the Complaint against Spectrum;

(4) Declare that Spectrum does not infringe, directly, contributorily, or by inducement, any claim of the Patents-In-Suit;

(5) Declare that the claims of the Patents-In-Suit are invalid;

(6) Declare that this is an exceptional case under 35 U.S.C. § 285 and Spectrum is entitled to an award of its attorney fees;

(7) Award Spectrum its costs and disbursements of this action; and

(8) Award Spectrum such other and further relief as this Court may deem just and proper.

## Jury Trial Demand

Spectrum demands a jury trial on all issues so triable.

//

//

Dated:  February 26, 2014 				Respectfully Submitted,

  /s/ *Wayne Stoner*
Wayne Stoner, *Pro Hac Vice*
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
wayne.stoner@wilmerhale.com
(607) 526-6863
(607) 526-50000

Adam P. Romero, #4678652
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
adam.romero@wilmerhale.com

*Attorneys for Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser, Inc.*

- 18 -

- 19 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 26, 2014, I electronically filed the foregoing Answer and Counterclaims through the Court's Electronic Case Filing ("ECF") System.  Notice of each filing is being served upon all counsel of record automatically through the ECF System.

                                     /s/ *Adam P. Romero*
                                     Adam P. Romero

ActiveUS 124564927v.1