UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY H. JAY, M.D., : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | CIVIL NO.: 13-CV-8137-LTS |
| : | |
| SPECTRUM BRANDS HOLDINGS, INC., : | |
| SPECTRUM BRANDS, INC., and : | |
| SHASER, INC., : | |
| Defendants. : | |

## INITIAL CONFERENCE / RULE 26(f) REPORT

Plaintiff, Harvey H. Jay, M.D. ("Dr. Jay") is represented by James J. Rodgers and John C. Kessler of Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, PA 19102, and 99 Park Avenue, Suite 320, New York, NY 10016.  Defendants, Spectrum Brands Holdings, Inc., et al., ("Defendants") are represented by Wayne L. Stoner and Adam P. Romero of WilmerHale LLP, 60 State Street, Boston, MA 02109, and 250 Greenwich Street, New York, NY 10007.

On February 14 and 27, 2014, counsel for the parties conferred by telephone regarding the subjects enumerated in: (i) Fed. R. Civ. P. 26(f); (ii) the Local Patent Rules for the Southern District of New York ("Local Patent Rule(s)"); (iii) the rules governing civil cases designated for inclusion in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York ("Pilot Project Rules"); and (iv) the Court's Initial Conference Order (D.E. 4), and discussed their proposed discovery plans.

**I.     Initial Conference Report**

a)  This is an action arising under the patent laws of the United States (Title 35, United States Code, § 100 *et seq.*) based upon assertions of Defendants' infringement of one or more of several U.S. patents.  Defendants deny any infringement and assert, among other defenses and counterclaims, that all of the Patents-In-Suit are invalid and/or unenforceable.

b)  There are no pending related criminal or civil actions.

c)  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

d)  All parties do not consent to transfer of the case to a magistrate judge for all purposes, including trial.

e)  All parties agree that the Federal Circuit Advisory Council's Model E-Discovery Order should be entered in this action.

f)  The parties agree that this Court's Local Patent Rules disclosures should be made as provided in Section II, 4 and 5 of this report.  Plaintiff suggests that the provisions of the ND Cal Rules listed in the Court's Initial Conference Order should also apply.  Defendants believe that this Court's Local Patent Rules disclosures are themselves sufficient without the ND Cal. Rules being applied as well, that the parties can seek through discovery additional information (if any) that they believe necessary, and that the ND Cal rules would, in this particular case where there is only one accused instrumentality but hundreds of items of relevant prior art, place a greatly disproportionate burden on Defendants.

g)  The applicable information called for by section 1.A. of the Complex Case Management Report of the Pilot Project Rules is set forth in the following sections.

## II.  Proposed Pre-Trial Schedule

The parties propose the following pre-trial schedule:

116435412_1

1. The parties will exchange initial disclosures under Fed. R. Civ. 26(a)(1) by <u>March 21, 2014</u>.

2. Any party may amend their pleadings, including adding or deleting parties, without leave of court <u>within 60 days</u> of the Court entering its Scheduling Order.

3. The parties agree to comply with procedures set forth in the Section I-(B) of the Pilot Project Rules which govern the Initial Pretrial Conference which the Court has ordered for <u>March 7, 2014</u>.

4. Pursuant to Local Patent Rule 6, counsel for Dr. Jay agree to serve upon all parties a "Disclosure of Asserted Claims and Infringement Contentions" on or before <u>April 21, 2014</u>.

5. Pursuant to Local Patent Rule 7, counsel for Defendants agree to serve upon all parties all of Defendants' "Invalidity Contentions" on or before <u>June 5, 2014</u>.

6. Pursuant to Local Patent Rule 11, counsel for the parties agree to exchange a list of their proposed claim terms for construction on or before <u>June 26, 2014</u>, and to confer thereafter and to jointly file a "Joint Disputed Claim Terms Chart" on or before <u>July 17, 2014</u>.

7. Pursuant to Local Patent Rule 12(a), counsel for Dr. Jay agree to serve and file an opening claim construction brief and all supporting evidence and testimony on or before <u>August 18, 2014</u>.

8. Pursuant to Local Patent Rule 12(b), counsel for Defendants agree to serve and file a response to the opening claim construction brief and all supporting evidence and testimony on or before <u>September 17, 2014</u>.

9. Pursuant to Local Patent Rule 12(c), counsel for Dr. Jay *may* serve and file a reply solely rebutting Defendant's response on or before <u>September 24, 2014</u>.

10. All fact discovery, with the exception of expert discovery, shall be completed <u>within 30 days</u> after the date of the Court's entry of an order ruling on claim construction (the "Date of the Claim Construction Order.")

11. To the extent that a party will rely on an opinion of counsel as part of a defense, counsel for the parties agree to comply with the procedures set forth in Local Patent Rule 10 <u>within 30 days</u> after the Date of the Claim Construction Order.

12. To the extent the parties are going to retain expert witnesses for their case-in-chief, all expert witnesses shall be identified and a copy of each expert's report shall be provided, in accordance with Fed. R. Civ. P. 26(a)(2) <u>within 60 days</u> after the Date of the Claim Construction Order. All rebuttal experts shall be identified and a copy of their reports shall be provided <u>within 90 days</u> after the Date of the Claim Construction Order. Any deposition of expert witnesses shall be conducted <u>within 120 days</u> after the Date of the Claim Construction Order.

13. All dispositive motions, including motions for summary judgment and partial summary judgment, shall be filed <u>within 150 days</u> after the Date of the Claim Construction Order. The parties will conform such motions and any responses, or replies thereto in accordance with local rules and rules of the Court.

14. Unless otherwise ordered by the Court, the parties agree to file a "Joint Preliminary Trial Report on Close of Fact Discovery" <u>within 14 days</u> after the completion of fact discovery, pursuant to Section IV-(A) of the Pilot Project Rules.

15. The parties agree to comply with the procedures set forth in Section IV-(B) of the Pilot Project Rules as they relate to the Case Management Conference.

16.     Unless otherwise ordered by the Court, the parties agree to file a "Joint Final Trial Report" on the date set at the Case Management Conference, which must be "not later than 28 days preceding the date set for the commencement of the trial," pursuant to Sections IV-(C) and (D) of the Pilot Project Rules.

17.     The parties agree to comply with the procedures set forth in Section IV-(E) of the Pilot Project Rules as they relate to the Final Pretrial Conference which should occur "subsequent to the filing of the Joint Final Trial Report, and in no event less than 7 days before the commencement of trial."

18.     Unless otherwise stipulated or ordered by the Court, the parties agree to limit the number of interrogatories a party may serve on any other party to fifty (50) pursuant to Fed. R. Civ. P. 33(a)(1).

19.     Unless otherwise stipulated or ordered by the Court, the parties agree to limit the number of depositions that may be taken without leave of court to fifteen (15) pursuant to Fed. R. Civ. P. 30 and 31 (exclusive of expert depositions).

20.     This matter will be ready for trial within 90 days after the close of all discovery, unless either or both parties file motions for summary judgment.[1]

### III.    General Discovery Items:

1.      **Subject of Discovery**: The parties agree to exchange documents and information relating to their claims and defenses.

2.      **Electronically Stored Information ("ESI")**: The parties envision that some discovery of electronically stored information may be needed and have agreed to work together in formulating a plan on conducting discovery of the same amongst themselves. If any formal

---

[1] The parties agree that they will attempt to conclude discovery and file any dispositive motions before the deadlines set forth herein and if unable to do so, will so inform the Court.

116435412_1

agreement is actually reached concerning the discovery of electronically stored information, and to the extent deemed necessary by the parties, the parties will submit a consent order for the Court's approval.  As noted above, the parties agree that the Federal Circuit Advisory Council's Model E-Discovery Order should be entered in this action.

      **3.**    **Privileged Materials**:  The parties agree that attorney-client communications and documents and information considered "attorney work product" or "trial preparation material" shall not be required to be produced.  The parties do not envision any unique privilege-related issues at this time, but have agreed to work together in resolving any such issues before seeking any relief from the Court.  The parties believe the procedure outlined in Fed. R. Civ. P. 26(b)(5)(B) are sufficient to address any issues of inadvertent disclosure.

      **4.**    The parties do not otherwise request any modification to the limitations on discovery imposed by the Federal Rules of Civil Procedure, but reserve the right to request such modification in the future if circumstances warrant.

      **5.**    **Discovery Disputes Not Involving Assertion of Privilege or Work Product**:

The parties agree to comply with the procedures set forth in Section II-(B) of the Pilot Project Rules in the event of a discovery dispute not involving assertion of privilege or work product.  The parties expect to propose a protective order to govern the treatment of confidential commercial information and any personal information of test subjects.

**IV.**    **Settlement:**

The parties agree that settlement cannot be evaluated at the present time, by may be appropriate after disclosure and review of documents that will be identified in the Initial Disclosures.

Dated: February 28, 2014

Respectfully submitted,

D<small>ILWORTH</small> P<small>AXSON</small> LLP

/s/ James J. Rodgers
James J. Rodgers
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
(215) 575-7000 (telephone)
(215) 575-7200 (facsimile)

*Attorneys for Plaintiff Harvey H. Jay, M.D.*

W<small>ILMER</small> C<small>UTLER</small> P<small>ICKERING</small> H<small>ALE AND</small> D<small>ORR</small> LLP

/s/ Wayne L. Stoner
Wayne L. Stoner, *Pro Hac Vice*
60 State Street
Boston, MA 02109
(607) 526-6863
wayne.stoner@wilmerhale.com

Adam P. Romero, #4678652
7 World Trade Center
New York, NY 10007
(212) 295-6422
adam.romero@wilmerhale.com

*Attorneys for Defendants*

116435412_1