UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY H. JAY, M.D.,<br><br>              Plaintiff/Counterclaim<br>              Defendant,<br>     v.<br><br>SPECTRUM BRANDS HOLDINGS, INC.,<br>SPECTRUM BRANDS, INC., and<br>SHASER, INC.,<br>              Defendants/Counterclaimants. | CIVIL NO.: 13-CV-8137-LTS |

## HARVEY H. JAY'S ANSWER TO SPECTRUM'S COUNTERCLAIMS

Plaintiff/Counterclaim Defendant, Harvey H. Jay, *M.D.*, ("Dr. Jay"), by and through his undersigned attorneys, respectfully submits this Answer to the Counterclaims of Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser, Inc., (collectively, "Spectrum"), and in support thereof states as follows:

### Nature of the Action

1. Admitted
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.

### Jurisdiction and Venue

9. Admitted.

1

10. Admitted.

11. Admitted.

### First Counterclaim for Relief
### (Declaratory Judgment—Non-infringement of the '542 Patent)

12. Dr. Jay repeats, reiterates, and realleges each of the foregoing admissions and denials, and incorporates by reference herein all allegations contained in the Complaint for Patent Infringement.

13. Admitted.

14. The allegations of Paragraph 14 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies.

15. The allegations of Paragraph 15 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies that Spectrum is entitled to any such relief.

### Second Counterclaim for Relief
### (Declaratory Judgment—Non-infringement of the '316 Patent)

16. Dr. Jay repeats, reiterates, and realleges each of the foregoing admissions and denials.

17. Admitted.

18. The allegations of Paragraph 18 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies.

19. The allegations of Paragraph 19 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies that Spectrum is entitled to any such relief.

### Third Counterclaim for Relief
### (Declaratory Judgment—Non-infringement of the '617 Patent)

20. Dr. Jay repeats, reiterates, and realleges each of the foregoing admissions and denials.

21. Admitted.

22. The allegations of Paragraph 22 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies.

23. The allegations of Paragraph 23 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies that Spectrum is entitled to any such relief.

**Fourth Counterclaim for Relief**
**(Declaratory Judgment—Non-infringement of the '308 Patent)**

24. Dr. Jay repeats, reiterates, and realleges each of the foregoing admissions and denials.

25. Admitted.

26. The allegations of Paragraph 26 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies.

27. The allegations of Paragraph 27 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies that Spectrum is entitled to any such relief.

**Fifth Counterclaim for Relief**
**(Declaratory Judgment—Non-infringement of the '330 Patent)**

28. Dr. Jay repeats, reiterates, and realleges each of the foregoing admissions and denials.

29. Admitted.

30. The allegations of Paragraph 30 state conclusions of law to which no response is

required.  To the extent a response is required, Dr. Jay denies.

31. The allegations of Paragraph 31 state conclusions of law to which no response is required.  To the extent a response is required, Dr. Jay denies that Spectrum is entitled to any such relief.

### Sixth Counterclaim for Relief
### (Declaratory Judgment—Invalidity of the '542 Patent)

32. Dr. Jay repeats, reiterates, and realleges each of the foregoing admissions and denials.

33. The allegations of Paragraph 33 state conclusions of law to which no response is required.  To the extent a response is required, Dr. Jay denies.

34. The allegations of Paragraph 34 state conclusions of law to which no response is required.  To the extent a response is required, Dr. Jay denies that Spectrum is entitled to any such relief.

### Seventh Counterclaim for Relief
### (Declaratory Judgment—Invalidity of the '316 Patent)

35. Dr. Jay repeats, reiterates, and realleges each of the foregoing admissions and denials.

36. The allegations of Paragraph 36 state conclusions of law to which no response is required.  To the extent a response is required, Dr. Jay denies.

37. The allegations of Paragraph 37 state conclusions of law to which no response is required.  To the extent a response is required, Dr. Jay denies that Spectrum is entitled to any such relief.

### Eighth Counterclaim for Relief
### (Declaratory Judgment—Invalidity of the '617 Patent)

38. Dr. Jay repeats, reiterates, and realleges each of the foregoing admissions and

denials.

39. The allegations of Paragraph 39 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies.

40. The allegations of Paragraph 40 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies that Spectrum is entitled to any such relief.

**Ninth Counterclaim for Relief**
**(Declaratory Judgment—Invalidity of the '308 Patent)**

41. Dr. Jay repeats, reiterates, and realleges each of the foregoing admissions and denials.

42. The allegations of Paragraph 42 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies.

43. The allegations of Paragraph 43 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies that Spectrum is entitled to any such relief.

**Tenth Counterclaim for Relief**
**(Declaratory Judgment—Invalidity of the '330 Patent)**

44. Dr. Jay repeats, reiterates, and realleges each of the foregoing admissions and denials.

45. The allegations of Paragraph 45 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies.

46. The allegations of Paragraph 46 state conclusions of law to which no response is required. To the extent a response is required, Dr. Jay denies that Spectrum is entitled to any such relief.

### Prayer for Relief

Dr. Jay states that the Prayer for Relief of Spectrum's Counterclaims contains requests for relief to which no response is required. To the extent that a response is required, Dr. Jay denies that Spectrum is entitled to any such relief.

### Jury Trial Demand

Dr. Jay demands a trial by jury as to all issues so triable.

**WHEREFORE**, Plaintiff/Counterclaim Defendant, Harvey H. Jay, *M.D*., respectfully requests that this Court dismiss the counterclaims with prejudice, deny all relief requested by Spectrum, and award such other and further relief as it deems just and proper.

Respectfully submitted,

Dated: March 25, 2014                    DILWORTH PAXSON LLP

By:    /s/ James J. Rodgers

James J. Rodgers, *Pro Hac Vice*
1500 Market Street, Suite 3500E
Philadelphia, PA 19102-2101
(215) 575-7000 (telephone)
(215) 575-7200 (facsimile)
jrodgers@dilworthlaw.com

*Attorneys for Plaintiff/Counterclaim-Defendant Harvey H. Jay, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2014, I electronically filed the foregoing Answer to Counterclaims through the Court's Electronic Case Filing ("ECF") System. Notice of each filing is being served upon all counsel of record automatically through the ECF System.

/s/ Gregory A. Blue
Gregory A. Blue
