

DIRECT DIAL NUMBER:
(215) 575-7143

James J. Rodgers
jrodgers@dilworthlaw.com

October 15, 2014

**VIA ECF**

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

    Re:   *Harvey H. Jay, MD, v. Spectrum Brands Holdings, Inc., et al.*
            No.: 13-cv-8137 (LTS) (DCF)
            Joint Proposed Agenda for October 22, 2014 Markman Hearing

Dear Judge Swain:

    Pursuant to Your Honor's Order dated October 15, 2014 (DE 50), the parties hereby submit their proposed agenda for the October 22, 2014 Markman hearing, for the Court's consideration.

    The parties propose that Plaintiff Harvey H. Jay ("Jay"), followed by Defendants Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser, Inc., (collectively "Spectrum"), first present technology tutorials to assist the Court, followed by attorney argument on the thirty (30) disputed claim terms listed in DE 39 (the parties' August 22, 2014 letter to the Court). Neither party will present any witness evidence.

    As to the disputed claim terms, the parties disagree as to the best manner to proceed:

    Jay respectfully requests that each disputed claim term (DCT) be considered independently, with Jay first presenting attorney argument, followed by Spectrum. Jay submits that each DCT stands on its own (except to the extent that it literally includes another DCT) and requires individual consideration by the Court. Jay further submits that it is improper for the Court to ignore the words of the individual DCTs in favor of "broad issues" proposed by the Defendants to supersede the words used in the Asserted Claims (*i.e.*, the very words the Court is charged to construe). Jay proposes that the Court consider each DCT in sequential order.

Spectrum respectfully requests that the Court hear argument on the thirty (30) DCT grouped into five (5) categories of similar issues, as set forth on pages 25 through 42 of Spectrum's Second Corrected Responsive Claim Construction Brief (DE 49). These five (5) categories (with Jay presenting first, then Spectrum, on each in sequence) are as follows:

1. The "temporar[ily] prevent[ing]" (or "remov[ing]" or "maintain[ing]") "hair" claim terms (DE 39, DCT Nos. 1, 11, 13, 14, 15, 16, 17 and 18);

2. The "retard[ing]" (or "slow[ing]" or "delay[ing]" *etc.*) "[hair] growth" (or "appearance") claim terms (*id.*, DCT Nos. 19, 26 and 29);

3. The "predetermined" (pulse number and/or "total energy") and "direct[ing]" (or "apply[ing]") claim terms (*id.*, DCT Nos. 2, 3, 12, 20, 21, 22 and 23);

4. The ("projecting," "protruding," *etc.*) hair ("through, "along" *etc.*) "a skin surface" and "severing" ("destroy[ing]" *etc.*) claim terms (*id.*, DCT Nos. 4, 5, 6, 9, 10, 24, 27, 28, 30); and

5. The "repeat treatment before hair growth" (or "reappearance") claim terms (*id.*, DCT Nos. 7, 8 and 25).

Spectrum submits that grouping the DCT into categories involving similar, common issues for argument would be most efficient. For example, DCT numbers 1 ("temporarily"), 11 ("maintain a skin surface temporarily free of projecting hair…"), 14 ("temporarily preventing hair reappearance"), 15 ("using said device to temporarily remove hair …."), 16 ("to temporarily prevent of growth of hair…") and other DCT all involve common issues and evidence. Grouping them together would therefore avoid duplication and inefficiency in argument. If the thirty (30) DCT in DE 39 (which are not listed in any particular substantive order) are addressed in numerical sequence as Jay requests, the Court would first hear argument on one "temporarily" claim term, then hear argument on other types of claim terms (*e.g.*, "predetermined" etc.), then hear argument again on another "temporarily" claim term, then hear argument on other types of claim terms (*e.g.*, "direct light pulses…"), then hear argument yet again on other "temporarily " claim terms, and so on. Spectrum believes that this would be disorganized, duplicative, and inefficient.

Of course, however, the parties will proceed as the Court directs.

Respectfully submitted,

DILWORTH PAXSON LLP

By: /s/ James J. Rodgers
James J. Rodgers

1500 Market Street, Suite 3500E
Philadelphia, PA 19102
(215) 575-7143 (telephone)
(215) 575-7200 (facsimile)
jrodgers@dilworthlaw.com

*Attorneys for Plaintiff Harvey H. Jay, MD.*

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Wayne L. Stoner
Wayne L. Stoner

60 State Street
Boston, MA 02109
(617) 526-6863 (telephone)
(617) 526-5000 (facsimile)
Wayne.Stoner@wilmerhale.com

*Attorneys for Defendants*

cc: All Counsel (via ECF)