IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HARVEY H. JAY,

    Plaintiff and
    Counterclaim-Defendant,

v.

SPECTRUM BRANDS HOLDINGS, INC.,
SPECTRUM BRANDS, INC., and
SHASER, INC.,

    Defendants and
    Counterclaim-Plaintiffs.

No. 1:13-cv-8137-LTS-DCF

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/14
```

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff and Counterclaim-Defendant Harvey H. Jay ("Jay"), and Defendants and Counterclaim-Plaintiffs Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser Inc. (collectively, "Spectrum") (Jay and Spectrum are each a "Party," and together they are the "Parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties agree to the entry of the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Protective Order" or "Order").

1. Definitions. As used in this Protective Order, these terms have the following meanings:

(a) "CONFIDENTIAL" information means information designated in accordance with Paragraph 3;

(b) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information means information that is the subset of CONFIDENTIAL information designated in accordance with Paragraph 4;

(c) "Material" means items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case, as well as hearing and trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any third party;

(d) "Protected Material" means any Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order.

(e) "Agreement to be Bound By Protective Order" means an executed document in the form attached as Exhibit A;

(f) "Requesting Party" or "Receiving Party" means the party that requests or receives any Materials from a Producing Party in this case; and

(g) "Producing Party" means any Party or non-party entity that discloses or produces any Materials in this case.

2. **Numbering.** All documents and other materials (including copies) produced in discovery in this litigation shall be given unique production numbers (commonly referred to as "Bates" numbers) by the Producing Party except for documents that are merely being made available for inspection. Each Producing Party shall use a unique production number prefix to identify the Producing Party.

3. **"CONFIDENTIAL" Information or Items.** A Producing Party may designate any Material "CONFIDENTIAL" for protection under this Protective Order where that Material constitutes or discloses "CONFIDENTIAL" information. "CONFIDENTIAL" information, as that term is used herein, comprises information that the Producing Party in good faith contends constitutes or contains information that is confidential, sensitive, or competitive, including ~~but not limited to,~~ *specifically* confidential research, development, technical, marketing, commercial, financial, or proprietary information. *If any party believes that additional categories of information should also be designated "confidential," that party may apply for a modification of this order.*

4. **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** A Producing Party may designate any Material *"confidential" as* "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for protection under this Protective Order where the Producing Party believes in good faith that the Material constitutes or discloses sensitive business information or items the unrestricted disclosure of which to a Requesting Party or a Receiving Party would create a substantial risk of harm, including, but not limited to, highly sensitive and confidential information relating to the Producing Party or the Producing Party's commercial products or planned commercial products, or confidential and highly sensitive technical, financial and research information. As that term is used herein, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and items include, but are not limited to: (a) highly sensitive information relating to the development of products; (b) highly sensitive current or

future business or marketing plans; (c) highly sensitive financial information or forecasts, customer lists, pricing data, cost data, licenses, customer orders, or customer quotations; (d) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; and (e) any other documents, information, or materials that relate to proprietary information that the Producing Party reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the Producing Party.

5. **Use of Information.** All Protected Material shall be used solely for the purpose of this litigation only, including any appeal thereof, unless otherwise agreed to, in writing, by the Producing Party, or directed by a court of competent jurisdiction.

6. **Access to CONFIDENTIAL Information.** Access to any "CONFIDENTIAL" information shall be limited to:

(a) This Court, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

(b) Outside counsel of record and their associates, in-house investigators, paralegals and staff, and any stenographic, clerical, and litigation support services working at the direction of such counsel, paralegals, and staff;

(c) Plaintiff Dr. Harvey Jay, and in-house representatives of Spectrum, which shall number no more than three (3) at any one time, so long as their duties and responsibilities require access to "CONFIDENTIAL" information and they have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) Court reporters and videographers retained to transcribe and videotape testimony in this litigation;

(e) Outside experts and consultants retained by at least one party or their counsel for purposes of this litigation, including their support, administrative and clerical staff, to the extent necessary to assist the party in this litigation who have signed "Agreement to Be Bound by Protective Order" (Exhibit A). Unless otherwise permitted herein, such outside experts and consultants under this section who are permitted to access "CONFIDENTIAL" information shall not include any employees of any of the Parties or the named inventor of the patents-in-suit. At least ten (10) days in advance of the proposed disclosure of any Protected Information to such outside experts and consultants, counsel for the disclosing party shall serve that person's signed declaration in the form shown in Exhibit A, a current curriculum vitae or resume, a list of any previous or current relationship (personal or professional) with any of the Parties, a list of other cases in which the individual has testified (at trial or deposition) within the last four (4) years, and a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years (collectively, "Notice of Disclosure"). A party may object for cause to the proposed disclosure by serving a written objection on every other party to this action within ten (10) calendar days after receiving the copy of the Notice of Disclosure. Failure to timely object shall operate as a waiver of the objection. If a party objects to the proposed disclosure, the objecting party's Protected Information shall not be disclosed to such person except by order of the Court or by written consent of the objecting party;

(f) Document processing and host vendors retained by at least one Party for purposes of this litigation (including, but not limited to, outside photocopy, imaging, database,

graphics, translation and design services), including their support, administrative, and clerical staff, to the extent necessary to assist the party in this litigation, and who have signed "Agreement to Be Bound by Protective Order" (Exhibit A). For purposes of this paragraph 6(f), the Parties agree that it is sufficient for an authorized representative of each vendor to sign a single copy of Exhibit A, which shall bind all employees of that vendor who access or have accessed Protected Material;

(g) A witness of (1) any Party who either: (a) appears on the face of the designated Protected Material as an author, addressee, or other person indicated as a recipient of a document containing the information or (b) is a Rule 30(b)(6) designee of a party who employed the author, addressee, or indicated recipient of a document containing the information; or (2) the Producing Party of whom deposition or trial testimony is being taken, so long as the witness is any of the following: (a) a present director, officer, employee or contractor of the Producing Party; or (b) a Rule 30(b)(6) designee of the Producing Party; and

(h) Any person for whom prior authorization is obtained from the Producing Party or the Court.

7. **Access to "Highly Confidential – Attorneys' Eyes Only" Information and Items.** Access to "Highly Confidential – Attorneys' Eyes Only" information and items shall be limited strictly to the persons designated as having access to "CONFIDENTIAL" information in Paragraphs 6(a), 6(b), 6(d), 6(e), 6(f), 6(g) and 6(h), except that, unless otherwise agreed, no outside counsel who is involved in competitive decision-making,[1] as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Material designated

---

[1] For the absence of doubt, for the purposes of this Protective Order, "competitive decision-making" shall not include duties traditionally performed by outside counsel with respect to advising the Parties regarding this or other litigation.

"Highly Confidential – Attorneys' Eyes Only." Persons designated in paragraph 6(c) are strictly prohibited from viewing any information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8. **Third Party Material.** Third parties producing Material in the course of this litigation may also designate such Material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the same protections and constraints as the Parties to the litigation. A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation. Unless otherwise agreed to by the Parties, all Material produced by such third parties shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of ten (10) days from the date of their production to any party in this litigation, regardless of the designation of the Material by the third party, so that the Parties have sufficient time to review the Material to determine whether to assert that the Material contains "CONFIDENTIAL" information of any party.

9. **Effect of Designation.** The designation of information as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall constitute a good faith belief that there is a valid basis for such designation. The designation or failure to designate information as "CONFIDENTIAL" or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** may not, however, be used against the Producing Party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive.

10. **Handling of Protected Material.** Any person in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such Protected Material to ensure that their confidential nature is maintained. No person

receiving such Protected Material shall, directly or indirectly, transfer, disclose, or communicate in any way the Protected Material or the contents or information of the Protected Material to any person other than those specified in Paragraphs 6 and 7, and only as specified in this Protective Order.

11. **Prosecution Bar.** Absent the written consent of the Producing Party, any individual listed in Paragraph 6 that receives one or more items from the Producing Party designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY that discloses technical information regarding the Producing Party's research, development, current or planned products or services shall not be involved, in any of the following activities for a period of two (2) years following the conclusion of this case (including any appeals): preparing, prosecuting, drafting, editing, and/or amending patent applications, specifications, claims, and/or responses to office actions in patents or patent applications relating to light-based hair removal before any foreign or domestic agency, including the United States Patent and Trademark Office. Nothing in this paragraph shall operate to preclude any such person from fulfilling and/or assisting in the fulfillment of any prior art disclosure obligations to the United States Patent and Trademark Office that may arise as a consequence of knowledge obtained during the course of this litigation.

12. **Agreement to Be Bound by Protective Order.** Each person appropriately designated in accordance with Paragraphs 6(e) and 6(f) to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, shall execute an "Agreement to Be Bound by Protective Order" (Exhibit A). Further, each person appropriately designated in accordance with Paragraph 6(c) to receive "CONFIDENTIAL" information, shall execute an "Agreement to Be Bound by Protective Order" (Exhibit A).

13. **Use of CONFIDENTIAL Information at Deposition.** All depositions or portions of depositions taken in this litigation may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and thereby obtain the appropriate protections accorded such Protected Material. Confidentiality designations for depositions shall be made either on the record or by written notice to all other Parties within thirty (30) days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information during the thirty (30) day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses such information shall be taken only in the presence of persons who are qualified to have access to such information.

14. **Inadvertent Failure to Properly Designate Protected Material.** Any party that inadvertently fails to designate Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have at least ten (10) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked Materials shall make reasonable efforts to retrieve Materials distributed to persons not entitled to receive Materials with the corrected designation.

15. **Inadvertent Disclosure of Privileged Documents.** The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work-product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure sends to any Receiving Party a written request for the return or destruction of such documents or things. Upon receiving such a request, the Receiving Party

shall immediately take all necessary steps to return or destroy such documents or things, including all copies and electronic copies, and make a written certification to the Producing Party of such compliance. If the Receiving Party already disclosed the inadvertently produced document or thing before being notified by the Producing Party, it must notify the Producing Party of such disclosure, including the persons or entities to whom such disclosure was made and must take reasonable steps to retrieve the inadvertently produced document or thing.

(a) If the Receiving Party wishes to contest that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing. Within five (5) days after receiving such notification, the Producing Party shall provide to the Requesting Party a privilege log with entries for the inadvertently produced document(s). After receiving such a list, and after the Parties have attempted to resolve the dispute through a meaningful meet-and-confer, the Receiving Party may file a motion to compel production of such documents and things, the protection of which is still disputed. If such a motion is filed, the Producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by work-product immunity.

(b) With respect to documents and things generated by a Receiving Party subsequent to receipt of such inadvertently produced documents and things, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work-product immunity, the Receiving Party shall immediately take all reasonable steps to destroy or redact the derivative documents and things in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(c)     In no event, however, shall the return or destruction of demanded documents be delayed or refused because of a Receiving Party's objection to the demand or by the filing of a motion to compel. Furthermore, until and unless such motion to compel is granted, the Receiving Party shall neither quote nor substantively reveal any privileged information contained within the documents or things at issue, either prior to or following their return, except to the extent such information is reflected in an appropriate privilege log.

16.     **Filing Protected Material with the Court.** If a party files a document containing "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information with the Court, all such documents shall be filed under seal as provided for in the Local Rules of the Court and shall be marked with one or more of the following notations:

FILED UNDER SEAL

CONTAINS CONFIDENTIAL INFORMATION

SUBJECT TO PROTECTIVE ORDER

or

FILED UNDER SEAL

CONTAINS HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY INFORMATION

SUBJECT TO PROTECTIVE ORDER

The filing party shall serve the sealed document, independently of the CM/ECF system, upon all Parties of record by electronic mail.

17.     **Challenges to Designation.** Any party may request a change in the designation of any Protected Material designated. Such a request must be in writing and must particularly identify the documents in question and provide the basis for the request. Any such Material shall

be treated as designated until the change is completed. If the requested change in designation is not agreed to within ten (10) days after the request is made, the party seeking the change may move for appropriate relief. The party asserting that the Material is Protected Material shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c) and entitled to the designation according to the terms of this Order. Notwithstanding any challenge to a designation, the Material in question shall continue to be treated as Protected Material under this Order until the Producing Party withdraws or changes such designation in writing or the Court rules that the Material in question is not entitled to the designation.

18.   Scope.

(a)   **Use of Independently-Obtained, Unrestricted, Public, or Previously-Disclosed Information.** Material is not Protected Material if it, by lawful means and means not constituting a breach of this Protective Order: (a) was properly known to the Requesting Party without obligation of confidentiality before it was disclosed in this litigation; (b) is, was, or becomes part of the public knowledge; (c) is, or was, independently developed by the Requesting Party prior to receiving otherwise-Protected Material in this case; or (d) is, or was, disclosed to the Requesting Party by a third party without restriction as to the disclosure, so long as the third party has the right to disclose the information to the Requesting Party.

(b)   **Use of Producing Party's Own Protected Material.** Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, e.g., a Producing Party may show its own Protected Material to an individual who prepared that Material.

19.   **Return or Destruction Upon Termination of Litigation.** Upon final termination of this litigation, including any appeals, by dismissal, judgment, or settlement, counsel for the party or Parties receiving Protected Material shall take reasonable steps to locate and return or destroy the Protected Material and all copies thereof. If the hard copy Protected Material and copies are returned, they should be returned to the counsel for the party or Parties disclosing or producing the Protected Material. If the hard copy Protected Material and copies are destroyed, outside counsel for the Receiving Party shall provide a certificate of destruction to the Producing Party. Protected Material stored electronically (e.g., document productions) shall be deleted; provided, however, this obligation shall be satisfied so long as reasonable measures have been taken in good faith to delete the electronically-stored Protected Material. Copies of Protected Material which are stored on back-up tapes or other disaster recovery media need not be returned or destroyed. Outside counsel for the Receiving Party shall provide a certificate of deletion to the Producing Party. Notwithstanding the provisions of this paragraph, outside counsel for the Parties are entitled to retain an archival copy of discovery material, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Matter. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. Document management systems and backup tapes need not be purged to eliminate Protected Material. This Paragraph applies to any Protected Material provided to qualified individuals described in Paragraph 6, and counsel for the party or Parties receiving Protected Material shall obtain written confirmation from such qualified persons who received Protected Material that they have taken reasonable measures in good faith to locate, delete, destroy or return to such counsel all such Protected Material and all

copies thereof. All Parties through their counsel shall certify compliance with this Paragraph in writing within ninety (90) days of the termination of the litigation.

20. **Discovery From Experts or Consultants.** Except as provided for in FRCP Rule 26, the Parties will not seek drafts of expert reports, declarations, or affidavits or notes taken by experts retained to testify in this litigation, whether those reports, declarations, affidavits, or notes relate to this litigation, to any prior litigation, or to any currently pending investigation, litigation or proceeding involving any of the Parties. Except as provided for in FRCP Rule 26(b)(4)(C), the Parties will not seek documents relating to communications between such experts and counsel, including email communications, whether generated in connection with this litigation, to any prior litigation, or to any currently pending investigation, litigation or proceeding involving any of the Parties, except regarding documents, information and things included in or attached to such communications relied upon by the expert in his or her expert report, declaration, affidavit, or testimony. Nothing herein is intended to restrict the Parties' ability to inquire into the basis of any of the opinions expressed by any expert in his or her report, declaration, or affidavit, including the manner by which such opinions were reached and information considered in reaching such opinions, nor is anything herein intended to restrict the Parties' ability to inquire as to the expert's qualifications, publications or public statements. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product for purposes of this litigation and need not be identified on a privilege log.

21. **Modification of the Protective Order.** Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to

prevent a party from seeking such further provisions enhancing or limiting confidentiality, as may be appropriate.

22. **No Waiver of Claim or Defense.** No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to discoverability or admissibility of evidence.

23. **Injunctive Relief.** If any person violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order, notwithstanding any subsequent disposition of this litigation.

24. **Subpoena or Court Order.** If a Requesting Party is served with a subpoena or a court order that would compel disclosure of any Protected Material then no more than ten (10) days after receiving the subpoena or order, the Requesting Party must (1) notify the Producing Party, in writing (by fax or email) of the subpoena or order, and include a copy of the subpoena or order with the notification; (2) inform the Party that caused the subpoena or order to issue, in writing, that some or all of the Materials covered by the subpoena or order are subject to this Protective Order; and (3) deliver a copy of this Protective Order to the Party that caused the subpoena or order to issue. The purpose of these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party an opportunity to seek protection for its "CONFIDENTIAL" information in the court from which the subpoena or order issued. The Producing Party shall bear the burden and expense of seeking protection in that court. Nothing in this provision should be construed as authorizing or encouraging a Requesting Party to disobey a lawful directive from another court.

25. **Computation of Time.** The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions set forth in Federal Rule of Civil Procedure 6.

26. **Duration of Protective Order.** Even after the termination of this case, and unless otherwise indicated in this Order, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Producing Party agrees otherwise in writing.

SO STIPULATED.

| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP | DILWORTH PAXSON LLP |
| /s/ Wayne L. Stoner | /s/ James J. Rodgers |
| Wayne L. Stoner<br>60 State Street<br>Boston, MA 02109<br>(616) 526-6863<br>Wayne.Stoner@wilmerhale.com | James J. Rodgers<br>Thomas S. Biemer<br>Gary D. Colby<br>1500 Market St. 3500E<br>Philadelphia, PA 19102<br>(215) 575-7143<br>jrodgers@dilworthlaw.com |
| Corinne E. Atton<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(212) 295-6368<br>Corinne.Atton@wilmerhale.com | John C. Kessler<br>Gregory A. Blue<br>99 Park Avenue, Suite 320<br>New York, NY 10016<br>(917) 675-4260<br>jckessler@dilworthlaw.com |
| *Attorneys for Defendants and Counterclaim-Plaintiffs* | *Attorneys for Plaintiff and Counterclaim-Defendant* |

SO ORDERED this 24th day of October, 2014
as modified

_____
United States District Judge

**Debra Freeman**
**United States Magistrate Judge**
**Southern District of New York**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

HARVEY H. JAY,

    Plaintiff and
    Counterclaim-Defendant,

v.

SPECTRUM BRANDS HOLDINGS, INC.,
SPECTRUM BRANDS, INC., and
SHASER, INC.,

    Defendants and
    Counterclaim-Plaintiffs.

No. 1:13-cv-8137-LTS-DCF

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

_____ declares that:

I reside at _____ in the city of _____, county _____, state of _____.

I am currently employed by _____ located at and my current job title is _____.

I have read and understand the terms of the Stipulated Protective Order filed in Civil Action File No. 1:13-cv-8137-LTS-DCF, pending in the United States District Court for the Southern District of New York. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court, civil liability, criminal liability, or any combination of the above. I

submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

  I am an outside expert or consultant, an authorized representative of a document processing or host vendor, or a witness designated in accordance with Paragraphs 6(e), 6(f) or 6(g) to receive and/or review information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or I am a person designated in accordance with Paragraph 6(c) to receive information designated as "CONFIDENTIAL." I shall not divulge any Materials, or copies of Materials, or my memory of any materials I reviewed in connection with this litigation, designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" obtained in accordance with the Protective Order, or the contents of such Materials, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such Materials except for the purposes of this litigation and in accordance with the terms of the Protective Order.

  As soon as is practical, but no later than 30 days after final termination of this litigation, I shall destroy or return any Materials in my possession designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the attorney from whom I received such Materials. I shall also destroy or return to that attorney, at that time, all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such Materials.

  I declare under penalty of perjury that the foregoing is true and correct.


Executed on:
    Date      Signature