IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY H. JAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 1:13-cv-8137-LTS-DCF |
| | ) |
| SPECTRUM BRANDS HOLDINGS, INC., SPECTRUM BRANDS, INC., and SHASER, INC., | ) |
| | ) |
| Defendants. | ) |

**SPECTRUM'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT THAT CLAIMS 29-33 OF U.S. PATENT NO. 6,916,316 CANNOT BE ASSERTED IN THIS LITIGATION**

WILMER CUTLER PICKERING HALE AND DORR LLP

Wayne L. Stoner
60 State Street
Boston, MA 02109
Phone: (617) 526-6863
Fax: (617) 526-5000
Wayne.Stoner@wilmerhale.com

Corinne E. Atton
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Phone: (212) 295-6368
Fax: (212) 230-8888
Corinne.Atton@wilmerhale.com

## TABLE OF CONTENTS

**Page**

I. THE FACTS OF THIS CASE ARE VIRTUALLY IDENTICAL TO THOSE IN *H-W TECHNOLOGY* ........................................................................................................1

II. THERE IS NO ISSUE OF MATERIAL FACT ...................................................................2

III. JAY SHOULD BE ESTOPPED FROM NOW ASSERTING THAT THE PHRASE-AT-ISSUE IS NOT A MATERIAL LIMITATION ...........................................3

IV. REEXAMINATION CONCERNS VALIDITY NOT ENFORCEABILITY, AND THE EXAMINER CONSIDERED CLAIM 29 AS INCLUDING THE PHRASE-IN-ISSUE ...........................................................................................................................5

V. CONCLUSION....................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Grp. One Ltd. v. Hallmark Cards, Inc.*,
    407 F.3d 1297 (Fed. Cir. 2005)..................................................................................................2

*H-W Technology L.C. v. Overstock.com, Inc.*,
    758 F.3d 1329 (Fed. Cir. 2014).........................................................................................1, 2, 5

*New Hampshire v. Maine*,
    532 U.S. 742 (2001).....................................................................................................................4

*Southwall Techs., Inc. v. Cardinal IG Co.*,
    54 F.3d 1570 (Fed. Cir. 1995)....................................................................................................4

*Sw. Software, Inc. v. Harlequin Inc.*,
    226 F.3d 1280 (Fed. Cir. 2000)..................................................................................................1

**STATUTES**

35 U.S.C. § 302..................................................................................................................................5

35 U.S.C. § 305..................................................................................................................................5

The Court should grant partial summary judgment that Claims 29-33 of the '316 Patent[1] cannot be asserted in this litigation because the facts of this case are virtually identical to those in *H-W Technology L.C. v. Overstock.com, Inc.*, 758 F.3d 1329 (Fed. Cir. 2014), none of these facts is in dispute, and Jay should be estopped from arguing that the omitted limitation of Claim 29 as issued is not material because he added that limitation during prosecution to overcome a rejection that the claim was not patentable in light of the prior art and argued to the PTO that the limitation made the claim patentable.

I.   THE FACTS OF THIS CASE ARE VIRTUALLY IDENTICAL TO THOSE IN *H-W TECHNOLOGY*

As a matter of law, a patent claim cannot be asserted or be "the subject of litigation" if:

(a)   it issued "omit[ting] a material limitation";

(b)   "such omission is not evident on the face of the patent"; and

(c)   the omission has not "been corrected by the PTO" before the claim is asserted.

*H-W Technology*, 758 F.3d at 1335; *see also Sw. Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1294-95 (Fed. Cir. 2000) (a certificate of correction from the PTO is "only effective for causes of action arising after it was issued.").

As in *H-W Technology*, the relevant claim—here, Claim 29 (and Claims 30-33 which depend from it)—issued omitting a material limitation that had been added during prosecution. The omission is "clear on the face of the prosecution history," but "one

---

[1]   U.S. Patent No. 6,916,316 is referred to herein as the "'316 Patent."

- 1 -

cannot discern what language is missing simply by reading the patent." *Id.* at 1334 (citing *Grp. One Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005)). The facts of this case and the facts of *H-W Technology* are identical with one exception: in *H-W Technology* the patentee obtained a certificate of correction from the PTO, but it only obtained this after it had commenced litigation, therefore—as here—the relevant claim could not be asserted in that litigation. *See id.*

Jay's Opposition ignores and misstates the controlling law of *H-W Technology*. The legal test of *H-W Technology* is quoted above. Jay's Opposition never employs this test or even mentions it. Instead, Jay asserts repeatedly that the test is whether the omitted limitation was "considered by the PTO" or "relied upon by the PTO." Opp. Br. at 1, 2, 3, 4, 5. *H-W Technology* never uses this language or test, and Jay cites no authority for it.

## II.   THERE IS NO ISSUE OF MATERIAL FACT

Jay admits all facts in Spectrum's[2] Rule 56.1 Statement (*see* DE 71) and concedes (or at least does not dispute) that:

(i)   Claim 29, as issued, omits the Phrase-at-Issue[3]. Resp. to r.56.1[4], at ¶ 10;

(i)   This omission is not evident on the face of the patent;

---

[2]   Defendants Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser, Inc. are referred to collectively herein as "Spectrum."

[3]   For the purpose of this Reply brief, Spectrum adopts Jay's term "Phase-at-Issue" as referring to the limitation "and not stop," which Jay added to Claim 29 during prosecution, between the phrases "at least temporarily retard" and "hair growth along said skin surface," but which is omitted from Claim 29 as it appears in the '316 Patent as issued.

[4]   Jay's Response to Spectrum's Rule 56.1 Statement is referred to herein as "Resp. to r.56.1."

(ii)   Jay added the Phrase-at-Issue during prosecution to overcome a rejection based on the prior art.  Resp. to r.56.1, at ¶¶ 5, 7, 9; and

(iii)   Jay "has not sought to 'correct' claim 29."  Opp. Br., at 3, 4; *see also* Resp. to r.56.1, at ¶¶ 21, 22.

Spectrum is therefore entitled to partial summary judgment that Claims 29-33 of the '316 Patent cannot be asserted in this litigation, as a matter of law.

### III.  JAY SHOULD BE ESTOPPED FROM NOW ASSERTING THAT THE PHRASE-AT-ISSUE IS NOT A MATERIAL LIMITATION

Jay now argues that the omission of "and not stop" from Claim 29 was "a harmless error" because the term "retard" as used in that claim "inherently excludes 'stop', and the phrases 'retard' and 'retard and not stop' have identical meanings."  Opp. Br. at 6.  This argument is flatly contrary to what Jay argued to the PTO and is contrary to what Jay previously argued to this Court.  The omission of this limitation was far from harmless: if Jay had not amended Claim 29 to add it, this claim (and Claims 30-33) would not have issued in the first place.  In any event, Jay should now be estopped from asserting that "retard" and "retard but not stop" mean the same thing, because he previously represented the exact opposite both to the PTO and to this Court.

Jay concedes that he added the Phrase-at-Issue during prosecution in an attempt to render Claim 29 patentable over the prior art.  *See* Resp. to r.56.1, at ¶¶ 6-9.  He also concedes that he added this limitation to distinguish his claimed method from a prior art method.  *See e.g.*, Resp. to r.56.1, at ¶ 9.  In fact, in argument to the PTO, Jay specifically contrasted his method of Claim 29 "that contemplates hair growth retardation but not cessation," from a prior art method that "results in a <u>cessation</u> of hair growth."  *Id*.  In so

- 3 -

doing, Jay represented to the PTO that his added limitation of "and not stop" made the claim different from the prior art and therefore patentable. As a matter of law and equity, Jay cannot now be permitted to assert that the added limitation which he argued to the PTO was critical was in fact completely meaningless and immaterial. *See, e.g., Southwall Techs., Inc. v. Cardinal IG Co.,* 54 F.3d 1570, 1576 (Fed. Cir. 1995) ("The prosecution history limits the interpretation of claim terms so as to exclude any interpretation that was disclaimed during prosecution.").

Likewise, contrary to what he now asserts, Jay previously represented to this Court during this litigation that "retard" and "retard but not stop" are *different* because "retarding" alone *can*—and in the context of Claim 29 does—*include* stopping. *See e.g.*, Markman Tr. at 67:12-19 ("at some point each hair is going to stop growing … [therefore, this Court should] not import a nonzero growth limitation into this claim."); Jay's Supp. Claim Construction Br. (DE 64), at 11-12 ("normal hair growth includes periods when the growth rate of hair is zero."); and Jay's Second Supp. Claim Construction Br. (DE 70), at 7-8 (to "slow," "can mean [to] slow-by-causing-temporary-or-intermittent-stopping.").

Jay should not now be permitted to assert the opposite just because it is now to his advantage to do so. *Cf. New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (a party can be judicially estopped from "changing positions according to the exigencies of the moment" (internal citation omitted)).

### IV. REEXAMINATION CONCERNS VALIDITY NOT ENFORCEABILITY, AND THE EXAMINER CONSIDERED CLAIM 29 AS INCLUDING THE PHRASE-IN-ISSUE

Jay also seeks to avoid the rule of *H-W Technology* by asserting that the reexamination of Claim 29 is somehow relevant, and that in the reexamination "claim 29 was reexamined without the phrase at issue." *See e.g.,* Opp. Br. at 2, 3, 4, 5.  This argument is legally and factually unfounded.  Reexamination is irrelevant to the issue of enforceability or 'assertability' presented here, and in any case during reexamination Claim 29 was expressly regarded as *including and requiring* the Phrase-at issue (contrary to what Jay now asserts), even though this limitation was omitted from the issued patent.

The statutory reexamination procedure only concerns *validity* of a patent claim in light of certain kinds of prior art, and not unenforceability or whether a claim can be asserted in a particular litigation.  *See* 35 U.S.C. §§ 302, 305 (reexamination allows a requester to challenge the *validity* of patent claims based on specific prior art).  And *H-W Technology* never says or even suggests that the rule it sets forth somehow does not apply if the patent has been reexamined.

In any event, it is clear throughout the reexamination file history of Claim 29 that both the requester and the Examiner considered Claim 29 as *including and requiring* the "and not stop" Phrase-at-Issue.  *See e.g.*, Supp. Atton Decl.[5], Ex. E at SPECT-00000892, 894 (Detailed Claim Charts filed with the Request for Reexamination recite the limitation

---

[5] The Declaration of Corinne E. Atton in Further Support of Spectrum's Motion for Partial Summary Judgment that Claims 29-33 of the '316 Patent Cannot Be Asserted in This Litigation, filed herewith, is referred to herein as the "Supp. Atton Decl."

- 5 -

"and not stop" in the claim language of Claim 29); Atton Decl.,[6] Ex. D at SPECT-00000885 (In granting reexamination, the Examiner states that Claim 29 "requires *inter alia*, the steps of … 'using said device to at least temporarily retard **and not stop** [see below] hair growth along said surface.' … the claim limitation 'and not stop' … was added in an amendment filed by the patent owner … these words were inadvertently dropped when the '316 patent issued."); *see also id.* at SPECT-00000886 (The Examiner states regarding some prior art in reexamination that "Eckhouse '380 fails to teach or suggest using the device to 'temporarily retard *and not stop* hair growth' as recited…" (emphasis added)).  Indeed, the Examiner stated in the Notice of Intent to Issue an *Ex Parte* Reexamination Certificate dated December 22, 2009 that:

> Claim 29 is confirmed because the prior art of record fails to disclose or suggest a hair treatment method having all the steps as recited in claim 29, including … using said device to at least temporarily [retard] *and not stop* hair growth along said skin surface."

Supp. Atton Decl., Ex. F at SPECT-00000900 (emphasis added).

Thus, the entire premise of Jay's Opposition to Partial Summary Judgment—that "claim 29 was reexamined without the phrase at issue" (Opp. Br. at 3)—is indisputably false.

## V.     CONCLUSION

For the reasons set forth herein and in Spectrum's Memorandum of Law in Support of this Motion dated November 7, 2014, Spectrum respectfully requests that this

---

[6]  The Declaration of Corinne E. Atton filed in Support of Spectrum's Motion for Partial Summary Judgment that Claims 29-33 of the '316 Patent Cannot Be Asserted in This Litigation, is referred to herein as "Atton Decl."

Court grant partial summary judgment that Claims 29-33 of the '316 Patent cannot be asserted in this litigation.

Dated:  December 5, 2014

                                      Respectfully submitted,

                                      By: /s/   *Wayne L. Stoner*
                                      Wayne L. Stoner
                                      WILMER CUTLER PICKERING HALE AND DORR LLP
                                      60 State Street
                                      Boston, MA 02109
                                      Phone:  (617) 526-6863
                                      Fax:  (617) 526-5000
                                      Wayne.Stoner@wilmerhale.com

                                      Corinne E. Atton
                                      7 World Trade Center
                                      250 Greenwich Street
                                      New York, NY 10007
                                      Phone:  (212) 295-6368
                                      Fax:  (212) 230-8888
                                      Corinne.Atton@wilmerhale.com

                                      *Attorneys for Defendants*