UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

HARVEY H. JAY,

    Plaintiff,

  -v-                                                         No. 13CV8137-LTS-DCF

SPECTRUM BRANDS HOLDINGS, INC. et al.,

    Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

        Plaintiff Harvey H. Jay, M.D. ("Plaintiff" or "Jay"), brings this suit against defendants Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser, Inc. ("Defendants" or "Spectrum"), for patent infringement, claiming that Defendants employed hair removal techniques that infringe upon U.S. Patent number 6,916,316 (the "'316 Patent") and other similar patents. Defendants have moved for partial summary judgment in their favor, asserting that Claims 29 through 33 of the '316 Patent cannot be asserted in this action due to an uncorrected material omission in the patent as issued.

        This Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1338(a).

        The Court has carefully reviewed the submissions of the parties and, for the following reasons, Defendants' motion is granted.

## BACKGROUND

        The following material facts are undisputed. The '316 Patent is directed to techniques of temporary hair removal utilizing light directed at the hair. (Docket entry no. 67-1,

Ex. A, '316 Patent, at SPECT-00000579.)  In April 2004, during the prosecution of the '316 Patent, the examiner rejected Claim 29 based on prior art.  (the "April 2004 Rejection," docket entry no. 67-2.)  On September 22, 2004, in response to the April 2004 Rejection, Jay filed a Response and Amendment in which he amended Claim 29 as follows:

> providing a ~~hand-held~~ device for generating a ~~predetermined~~ number of pulses of light each having ~~a predetermined~~ an electromagnetic spectrum including at least one wavelength absorbable by an endogenous chromophore in a person's hair and for applying said pulses of light to a skin surface, said pulses having a least one **predetermined** pulse duration ~~[,]~~ and a **predetermined** total energy; and
>
> without the application of an exogenous chromophore to a selected skin surface, using said device to at least temporarily retard **and not stop** hair growth along said skin surface, absorption of light of said predetermined electromagnetic spectrum by said endogenous chromophore resulting **in** the temporary retardation of hair growth along said skin surface.

(Docket entry no. 67-3 (strike-throughs represent deletions and underlining represents insertions by Jay).)  In explaining the proposed amendment Jay stated, in relevant part, that "[t]he [prior art] references of record say nothing about applying light to slow hair growth.  Instead, the Method of Almeida results in a <u>cessation</u> of hair growth.  Thus, Almeida stops hair growth in contrast to the present invention as set forth in amended claim 29 that contemplates hair growth retardation but not <u>cessation</u>."  (Docket entry no. 67-4, at SPECT-00000764 (emphasis original).)

Following review of Jay's Response and Amendment, Claim 29 of the '316 Patent, which claims a "hair treatment method," was issued as follows:

> providing a device for generating a number of pulses of light each having an electromagnetic spectrum including at least one wavelength absorbable by an endogenous chromophore in a person's hair and for applying said pulses of light to a skin surface, said pulses having at least one pulse duration and a total energy; and
>
> without the application of an exogenous chromophore to a selected skin surface,

>using said device to at least temporarily retard hair growth along said skin surface, absorption of light of said predetermined electromagnetic spectrum by said endogenous chromophore resulting in the temporary retardation of hair growth along said skin surface.

('316 Patent, docket entry no. 67-1, at SPECT-00000589.)  Claim 29 as issued omits the words "and not stop" after "temporarily retard" that had been added to the claim through Jay's Response and Amendment.

The parties agree that the '316 Patent's Claims 30, 31, 32, and 33, depend on claim 29.  (Compare Docket entry no. 68, ¶ 11-14 with docket entry no. 71, ¶ 11-14.)

On August 26, 2008, a request for reexamination of the '316 Patent was made, and the request was granted on September 30, 2008.  (Docket entry no. 61-1, at SPECT-00000591; docket entry no. 67-5, at SPECT-00000880.)

The patent examiner reexamined the '316 Patent, and found that Claims 29, 30, 32, and 33 were patentable despite citations to certain prior art references.  The examiner issued an Ex Parte Reexamination Certificate confirming the patentability of the claims on March 30, 2010.  (Docket entry no. 67-1, at SPECT-00000592, 2:1-5.)  In the Order Granting Request for Ex Parte Reexamination, the examiner distinguished the cited prior art references noting, in part, that Jay's "[c]laim requires, *inter alia*, the steps of 'providing a device for generating a number of pulses of light' and 'using said device to at least temporarily retard ***and not stop*** [see below] hair growth along said surface.'"  (Docket entry no. 67-5, at SPECT-00000886 (emphasis and bracketed language original).)  In a later portion of the order, the examiner noted that:

>with respect to the claim limitation 'and not stop' highlighted above in boldface italics, this limitation was added in an amendment filed by the patent owner on 9/24/04 during the prosecution of the application that became the '316 patent. Apparently, these words were inadvertently dropped when the '316 patent issued.

(Id.)

Jay filed the Complaint in this action on November 14, 2013, without previously seeking a Certification of Correction with regard to Claims 29 through 33 of the '316 Patent.

Defendants assert that they are entitled to summary judgment as to the assertability in this action of Claims 29 through 33 of the '316 Patent because the omission of the words "and not stop" from the patent as issued represents an error in a material limitation that is not clear from the face of the patent.

Jay seeks to assert Claims 29 through 33 of the '316 Patent as issued, despite the omission of the words "and not stop" from Claim 29. Jay argues both that the "and not stop" phrase is not a material limitation to Claim 29 and that the examiner's Certificate of Reexamination confirmed the patentability of Claim 29 with the omission notwithstanding any materiality, and thus it eliminated any error. As discussed below, Jay's contentions are inconsistent with the law and the undisputed material facts.

## DISCUSSION

Summary judgment is to be granted in favor of a moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Correspondingly, summary judgment will be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is considered material "if it might affect the outcome of the suit under the governing law," and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson, 477 U.S. at 248).

The Federal Circuit has held that, "[w]hen . . . a claim issues that omits a material limitation, and such omission is not evident on the face of the patent, the patentee cannot assert that claim until it has been corrected by the [Patent and Trademark Office]." H-W Tech., L.C. v. Overstock.com, Inc., 758 F.3d 1329, 1335 (Fed. Cir. 2014).  In H-W Technology, the Federal Circuit upheld a district court decision barring the assertion of a claim from which a material limitation had been omitted upon issuance, with respect to conduct predating the issuance of a Certificate of Correction of the claim.[1]  Id. at 1331, 1335.  The Circuit noted that "[t]o hold otherwise would potentially permit patentees to assert claims that they never asked for nor rightly attained.  Such a result would be inequitable and undermine the notice function of patents."  Id. at 1335.

In this case, Claim 29 of the '316 Patent was issued omitting the material limitation of "and not stop," the error is not evident on the face of the patent, and the patent has not been corrected.

As an initial matter, the omission of the words "and not stop" is not evident from the face of the patent, because the phrase from which it was omitted in Claim 29 makes grammatical sense and does not have obvious missing information.  Moreover, there is no information on the face of the patent that would alert a reader to any missing limitation.  Cf. Adaptix, Inc. v. Apple, Inc., No. 13CV1776, 2014 WL 5473027, at *3 (N.D. Cal. Oct. 27, 2014) (holding error evident on the face of the patent where term not previously used in patent replaced similar, commonly used term).

---

[1] The Federal Circuit modified the district court's decision insofar as the district court had held the claim to be invalid.  The Circuit held that the claim could not be asserted in that litigation, but it was not invalid and could be asserted in future litigation because it had been corrected during the pendency of the case.  H-W Tech., 758 F.3d at 1335.

Jay's insertion of the words "and not stop" into Claim 29 of the '316 Patent through his Response and Amendment was clearly material to the issuance of the patent. Claim 29 had been rejected in light of the prior art reference Almeida. In distinguishing his method in Claim 29, Jay highlighted the importance of Almeida's stoppage of hair growth, specifically noting that the prior art reference "Almeida *stops* hair growth in contrast to the present invention as set forth in amended Claim 29 that contemplates hair growth *retardation but not cessation*." (Docket entry no. 67-4, at SPECT-00000764 (emphasis supplied).) Jay's Claim 29 was allowed on the basis of the Response and Amendment, which added the limitation "and not stop," and thus the materiality of the limitation is evident.

Jay also argues that, even if the words "and not stop" are a material limitation on Claim 29, the reexamination and the issuance of a Certificate of Reexamination confirming the patentability of the claim demonstrate that the patent is correct as issued. Jay argues that this reexamination result corrects any error in the '316 Patent because the examiner would have rejected Claim 29 over prior art presented against it if the omitted limitation had been material. Therefore, Jay asserts, the examiner "examined [C]laim 29, in a form identical to the form in which [C]laim 29 occurs in the '316 Patent, and held [C]laim 29 to be patentable" and, consequently, Claim 29 does not omit any limitation relied on by the Patent Office. (Docket entry no. 72, at 4.)

The undisputed record demonstrates, however, that on reexamination, the examiner both relied on the "and not stop" limitation and noted its apparently inadvertent omission from the issued '316 Patent. Specifically, the examiner distinguished the cited prior art reference using the omitted words, noting that Jay's "Claim [29] requires, *inter alia*, the steps of 'providing a device for generating a number of pulses of light' and 'using said device to at least

temporarily retard ***and not stop*** [see below] hair growth along said surface.'"  (Docket entry no. 67-5, at SPECT-00000886 (emphasis and bracketed language original).)  Noting the error with regard to the words "and not stop" in the reexamination order, the examiner observed that "these words were inadvertently dropped when the '316 patent issued."[2] (<u>Id.</u>)  Therefore, Jay's contention that the reexamination validated Claim 29 without the omitted limitation is controverted by the undisputed record because the examiner reviewed the claim as if it included the limitation.

Consequently, the Court finds that the undisputed material facts direct the conclusion that Claim 29 of the '316 Patent was issued with an omitted material limitation, and that the error is not evident on the face of the patent.  Therefore, the uncorrected independent patent claim cannot be asserted in this litigation.  <u>See</u> <u>H-W Tech.</u>, 758 F.3d at 1336.  Claims 30 through 33 are dependant on Claim 29, and also cannot be asserted in this litigation.

---

[2]   Jay apparently has not sought to correct the '316 Patent to date.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment is granted. Claims 29, 30, 31, 32, and 33 of the '316 Patent cannot be asserted in this litigation.

This Memorandum Opinion and Order resolves docket entry number 65.

This matter remains referred to Judge Freeman for general pretrial management.

The final pre-trial conference in this matter is scheduled to be held on **December 18, 2015, at 12:00 noon** in Courtroom 12D.

SO ORDERED.

Dated: New York, New York
      May 12, 2015

                                                /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             United States District Judge