**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

HARVEY H. JAY,

Plaintiff,

v.

SPECTRUM BRANDS HOLDINGS, INC., SPECTRUM BRANDS, INC., and SHASER, INC.,

Defendants.

C.A. No. 1:13-cv-8137-LTS-DCF

**SPECTRUM'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendants Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser, Inc. (collectively, "Spectrum") respectfully move to amend their answer and counterclaims to include a defense and counterclaim of inequitable conduct in the prosecution of the patents-in-suit, rendering all the patents-in-suit unenforceable.[1]

## I. INTRODUCTION

As the Court observed in its *Markman* ruling (Docket 88 at 17), in patent prosecution, Jay repeatedly distinguished his alleged invention from prior art by representing that the prior art was directed to permanent hair removal whereas his claims were directed to temporary hair removal. These very representations allowed Jay to overcome rejections of his patent applications. Jay's own prior art publications and testimony—never disclosed to the U.S. Patent and Trademark

[1] Attached as Exhibit A to the Declaration Of Martin Gilmore In Support of Spectrum's Motion For Leave To Amend Answer and Counterclaims ("Gilmore Decl.") is the proposed amended answer and counterclaim (including redline).

Office ("PTO")—demonstrate that he did not believe the truth of his own representations: Jay instead believed (and still believes) that "permanent" hair removal only lasts for limited time and therefore is also "temporary." His actions qualify as inequitable conduct, and the patents at suit are unenforceable as a result.

The parties met and conferred regarding Spectrum's proposed amendment via email on July 16, 2015, and Spectrum provided Jay notice long ago that Spectrum may amend to allege inequitable conduct if discovery demonstrated the basis for such an amendment. *See* Gilmore Decl., Ex. B (July 13, 2015 email from M. Gilmore to J. Rodgers) (citing the pleading requirements of *Exergen v. Wal-Mart Stores, Inc*., 575 F.3d 1312, 1318, 1330 (Fed. Cir. 2009) and *Therasense, Inc. v. Becton, Dickinson & Co*., 649 F.3d 1290 (Fed. Cir. 2011) (en banc)). Notwithstanding, Jay has refused to consent to the amendment, asserting alleged "delay" but claiming no unfair prejudice from it or inadequacy of pleading. *See* Gilmore Decl., Ex. C (July 16, 2015 email from J. Rogers to M. Gilmore).[2] Because "[t]he Court should freely give leave when justice so requires," Fed. R. Civ. P. 12(a)(2), there is no unfair prejudice to Jay, and the proposed amendment conforms to the evidence and is adequately pled, the Court should grant Spectrum leave to amend.

## II. ARGUMENT

Leave to amend should be granted freely when justice so requires. Fed. R. Civ. P. 12(a)(2). "[R]efusal to grant leave to amend a pleading without justification is 'inconsistent with the spirit of the Federal Rules.'" *Silva Run Worldwide Ltd. v. Gaming Lottery Corp.*, 215 F.R.D. 105, 106 (S.D.N.Y. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A permissive

[2] In the meet and confer process, Jay did not challenge the sufficiency of Spectrum's inequitable conduct defense, nor did he assert that it was inadequately pled. *See* Gilmore Decl., Exhibit C.

standard for amending pleadings is "consistent with [courts'] 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). Motions to amend pleadings may be granted anywhere "'underlying facts or circumstances relied upon by a [party] may be a proper subject of relief.'" *See Id.* at 213 (quoting *Foman*, 371 U.S. at 182) (granting leave to amend even after judgment issued).

Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent; to prove it, a defendant must show that the applicant (1) withheld from or misrepresented to the PTO "material" information, and (2) did so with intent to deceive the PTO. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc). *See also Worldwide Home Products, Inc. v. Bed, Bath & Beyond, Inc.*, No. 11CV3633-LTS-MHD, 2015 WL 568710, at *12 (S.D.N.Y. Feb. 11, 2015), appeal dismissed (June 18, 2015). That standard is met in this instance, and Spectrum should be permitted to plead and prove its defense.

**A. Justice Requires Granting Leave To Amend**

Spectrum's proposed Sixth Affirmative Defense of inequitable conduct is amply supported in the facts adduced during the course of discovery. Both the Court's *Markman* ruling, which alluded to certain representations made by Jay to the PTO critical to the viability of his patent submissions, and Jay's recent deposition demonstrate that he made those representations knowing them to be false. Further, Jay admits that he withheld from the PTO his own prior publications showing that he regarded representations he made to the PTO as false.

For example, although Jay published prior art articles stating that "permanent" in the context of hair removal does not mean "forever," and only lasts for a limited time (what the

Court has ruled is the construction of "temporary," (Docket 88, at 9)), that is not what Jay disclosed to or told the PTO. *See* Gilmore Decl., Ex. D (Harvey H. Jay, "A Guide to Laser or Pulsed-Light Hair Removal"), and Ex. E at 11-15 (Harvey H. Jay, et al., Epilight™ Pulsed Light Hair Removal: A clinical study, comparative analysis and literature review"). To the contrary, to overcome repeated rejections of his patent claims based on prior art, Jay represented to the PTO that there was a fine distinction between "permanent" and "temporary" hair removal: the prior art was "permanent" but his was "temporary." *See, e.g.*, Gilmore Decl., Ex. F at 8-9 ('542 Patent File History, Amendment dated July 12, 2004) ("[T]he references of record are chiefly concerned with the permanent removal of hair . . . . In contrast, applicant targets . . . removal of hair [that] is temporary. Applicant's hair removal procedure is safer than conventional techniques that use light energy to permanently remove hair."). Jay made these representations to the PTO without disclosing his own prior art publications stating, among other things, that in the context of hair removal "[e]verything is for a limited period of time," i.e. "temporary," even so-called "permanent" hair removal. *See* Gilmore Decl., Ex. G at 70 (Jay Deposition Transcript).

The record demonstrates that Jay intended to deceive the PTO in order to obtain patents. He represented to the PTO that "permanent" hair removal prior art differed from his purported invention because his purported invention caused "temporary" hair removal, while writing in publications he did not disclose to the PTO that there is no such thing as "permanent" hair removal and all hair removal is "temporary." This constitutes inequitable conduct and renders unenforceable all claims of the patents-in-suit.

### B. Spectrum's Request To Amend Was Not Unduly Delayed, And There is No Unfair Prejudice to Jay

The only alleged basis given by Jay for opposing an amendment that would address the truth and all issues in this case is alleged "undue delay." *See id.* There was no undue delay. The Federal Circuit requires a showing of "specific intent to deceive the PTO" in order to establish an inequitable conduct defense, and discovery – specifically, Jay's deposition – was required to confirm the propriety of raising that defense in this case. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011).

Spectrum's motion comes only three weeks after receiving Jay's final deposition transcript, and filed this motion only [4] business days after Jay refused to consent to an amendment designed to address the truth of his lawsuit. Spectrum noticed Jay's deposition promptly after the Court issued its *Markman* decision (*See* Gilmore Decl. Ex. H (May 15, 2015 Notice of Deposition)), which construed the scope of the claims and terms of the claims such as "temporary" and narrowed the issues upon which the parties would need to take discovery. Jay's deposition transcript (excepting any errata) was only finalized on June 23, 2015. There can be no question that Spectrum has moved in a timely fashion.

In any event, Jay has not been prejudiced by the timing of Spectrum's requested amendment. Spectrum gave Jay notice well over a year ago that it intended to explore an inequitable conduct defense, and assert that defense if discovery disclosed the propriety of that defense in this case. Gilmore Decl., Ex. I (March 5, 2014 email from W. Stoner to G. Colby). Spectrum's inequitable conduct defense concerns facts that always have been within Jay's exclusive possession: whether Jay made representations to the PTO that he regarded as false based on his own prior art publications that he concealed from the PTO. Jay has thus long

known that inequitable conduct may well be an issue in this case and has had ample time to address it.

## III. CONCLUSION

For the foregoing reasons, Spectrum respectfully moves that the Court grant its motion for leave to amend its answer and counterclaims as set forth in Gilmore Decl., Exhibit A.

WILMER CUTLER PICKERING
HALE AND DORR LLP

*/s/ Shira Hoffman*

Wayne L. Stoner
Shira C. Hoffman
60 State Street
Boston, MA 02109
(617) 526-6000 (t)
(617) 526-5000 (f)
wayne.stoner@wilmerhale.com
shira.hoffman@wilmerhale.com

Martin E. Gilmore
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6380 (t)
(212) 230-8888 (f)
martin.gilmore@wilmerhale.com

*Attorneys for Defendants and Counterclaim-Plaintiffs*