IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY H. JAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 1:13-cv-8137-LTS-DCF |
| SPECTRUM BRANDS HOLDINGS, INC., SPECTRUM BRANDS, INC., and SHASER, INC., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF
SPECTRUM'S MOTION FOR SANCTIONS FOR
BREACH OF THE PROTECTIVE ORDER**

Pursuant to the inherent power of the Court, Defendants Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser, Inc. (collectively, "Spectrum") respectfully move to sanction Defendant's counsel for their willful violation of the Stipulated Protective Order (Docket 57) entered by the Court.

**I.   FACTS**

The Protective Order entered by this Court prohibits Plaintiff Jay and almost everyone else in the world access to discovery produced by Spectrum and designated "Highly Confidential – Attorney's Eyes Only." *See* Ex. A to the Declaration of Wayne Stoner dated July 24, 2015 ("Stoner Decl."), Dkt. no. 57, at Section 4.  This requirement was specifically discussed, negotiated, and agreed to by the parties (*see, e.g.*, Stoner Decl., Ex. B) before the Court entered the Protective Order, and is essential to preserving Spectrum's competitive standing.  Plaintiff Jay has attempted to commercialize a home use hair removal product (Stoner Decl., Ex. C at 11),

1

and direct disclosure of Spectrum's sensitive information to Plaintiff Jay unfairly skews market forces.

In the course of discovery, Spectrum produced highly confidential clinical studies of their products, including clinical protocols, used in obtaining FDA clearance to sell their products. These are classic examples of highly confidential information, and materials which – if divulged to a competitor – would irreparably alter the competitive landscape. *See, e.g.*, 21 CFR § 20.61(c) ("Data and information submitted or divulged to the Food and Drug Administration which fall within the definitions of a trade secret or confidential commercial or financial information are not available for public disclosure."). Accordingly, Spectrum designated this material as "Highly Confidential – Attorney's Eyes Only" under the Protective Order. Plaintiff's counsel never objected to this designation in any fashion or requested that it be changed.

Notwithstanding, this information was disclosed to Plaintiff Jay, in direct contravention of the Protective Order. During Plaintiff Jay's deposition, Plaintiff Jay testified that he had seen Spectrum's clinical studies submitted to the FDA, and that he relied upon Defendant Shaser's statements to the FDA to frame his testimony. *See, e.g.*, Stoner Decl., Ex. C at 33-34, 191, 193. Upon inquiry as to why Plaintiff Jay was afforded access to these materials (Stoner Decl. Ex. D), Plaintiff Jay's counsel responded that he had deliberately shown and described materials designated "Highly Confidential – Attorney's Eyes Only" to Plaintiff Jay to prepare him for his deposition. Stoner Decl., Ex. E. When Spectrum inquired further as to the rationale for this breach of the Protective Order, counsel for Plaintiff Jay responded only with an "explanation" that Plaintiff Jay needed to see the information to understand certain facts relating to the case. Stoner Decl., Ex. F ("It was information we needed to address with Dr. Jay in order to enable him to fully understand[.]").

Section 10 of the Protective Order provides that "[n]o person receiving such Protected Material shall, directly or indirectly, transfer, disclose, or communicate in any way the Protected Material or the contents or information of the Protected Material to any person other than those specified in Paragraphs 6 and 7 and only as specified in this Protective Order."  Dkt. no. 57.  Counsel for Plaintiff Jay has done just that in a clear, admitted, and apparently intentional violation of the Court's Order.  The Court should take action, and mete out appropriate sanctions this flagrant abuse of the Court's Protective Order and Spectrum's rights.

**II.    ARGUMENT**

Courts "have the inherent power to maintain the integrity of protective orders by imposing sanctions on those who violate them."  *Schiller v. City of New York*, No. 04 CIV. 7921-KMK-JCF, 2007 WL 1623108, at *3 (S.D.N.Y. June 5, 2007).  In addition, the Protective Order itself allows for injunctive relief in the event of a breach.  Dkt. no. 57 ¶ 23.  The Protective Order nowhere permits counsel for a party to unilaterally abrogate its terms simply because counsel thinks abrogating its terms may achieve a desired litigation advantage.  If someone believes material has not been properly designated under the Protective Order, the appropriate remedy is to follow the procedure in Section 17 to have it de-designated by consent or Court order, until which it remains as initially designated.  Plaintiff's Counsel did not do that here, exposing sensitive information to a potential competitor.  Sanctions are appropriate.

Here, Plaintiff Jay and his counsel willfully violated the Protective Order because they desired to give Plaintiff Jay an advantage in responding to deposition inquiries.  There is no justification or excuse for this clear and intentional breach.  *See, e.g.*, *Powell Mountain Energy, LLC v. Manalapan Land Co.*, No. 09-CV-305-JBC, 2011 WL 3880512, at *3 (E.D. Ky. Aug. 31, 2011) ("If . . . counsel believed that the Order prevented her client from making informed

3

decisions, she had an obligation to seek leave of the court to disclose the sensitive material rather than unilaterally violating the Order.").

To restore the sanctity of the Court's Protective Order and as a remedy to the competitive harm caused by Plaintiff's and Plaintiff's counsel's breach, Spectrum requests the following:

1. Counsel for Plaintiff Jay, Dilworth Paxson should be required to withdraw or should be disqualified, and should no longer be permitted access to materials produced by Spectrum in this case. From their own communications (see Stoner Decl. Ex. F), it is clear that Plaintiffs' counsel has no intent to honor the Orders of the Court or respect the sensitivity of documents produced by Spectrum. *See, e.g.*, *Systemic Formulas, Inc. v. Kim*, No. 1:07-CV-159-TC, 2011 WL 9509, at *1-2 (D. Utah Jan. 3, 2011) ("The magistrate judge disqualified [the attorney] from further participation in this case [and] from access to any protected information in this case . . . . Reliance on protective orders and the diligence of counsel in observing them is fundamental to litigation between competitors");

2. Plaintiff Jay should be precluded from relying on any of Defendants' non-public FDA submissions in support of any claim, defense, or allegation at any procedural juncture in this action. Plaintiff should not benefit from his and his counsel's willful violation of the Protective Order. *See Koch v. Greenberg*, No. 07-CV-9600-BSJ-DF, 2011 WL 4485975, at *4 (S.D.N.Y. Sept. 28, 2011) (adopting Report and Recommendation that plaintiff be precluded from introducing on any substantive motion or at trial documents that had been provided to an individual not authorized to view them under the governing protective order); and

3.  Plaintiff should be required to pay the costs and fees of this motion. *See Cadence Pharm., Inc. v. Fresenius Kabi USA, LLC*, No. 13-CV-00139-DMS-MDD, 2014 WL 3341068, at *4 (S.D. Cal. July 8, 2014).

Defendants requested that Jay's counsel consent to these remedies, but Jay's counsel refused. Stoner Decl. Ex. G.

**III.    CONCLUSION**

For the foregoing reasons, Spectrum respectfully moves that the Court grant its motion for sanctions as set forth above.

WILMER CUTLER PICKERING
HALE AND DORR LLP

*/s/ Shira C. Hoffman*

Wayne L. Stoner
Shira C. Hoffman
60 State Street
Boston, MA 02109
(617) 526-6000 (t)
(617) 526-5000 (f)
wayne.stoner@wilmerhale.com
shira.hoffman@wilmerhale.com

Martin E. Gilmore
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6380 (t)
(212) 230-8888 (f)
martin.gilmore@wilmerhale.com

*Attorneys for Defendants and Counterclaim-Plaintiffs*
