IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY H. JAY,            )<br>                              )<br>            Plaintiff,    )<br>                              )<br>      v.                       )<br>                              )<br> SPECTRUM BRANDS HOLDINGS, INC., )<br> SPECTRUM BRANDS, INC., and SHASER, )<br> INC.,                         )<br>                              )<br>            Defendants.   )<br>                              ) | C.A. No. 1:13-cv-8137-LTS-DCF |

**REPLY MEMORANDUM IN SUPPORT OF SPECTRUM'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS**

Plaintiff Harvey H. Jay ("Jay") offers no valid reason for denying Defendants ("Spectrum") leave to amend to assert an additional defense of inequitable conduct. First, contrary to what Jay argues, Spectrum need not show good cause for "modify[ing] the Court's Scheduling Order," because the Court's Scheduling Order permits the amendment sought here. Second, Spectrum diligently sought leave to amend as soon as the evidence of the materiality and deceptive intent of Jay's misconduct became clear. Third, Jay's assertion that Spectrum has misrepresented Jay's deposition testimony is irrelevant and groundless in any case. Fourth, Jay has not even asserted (let alone demonstrated) that he would suffer any unfair prejudice if leave to amend were granted, nor has he asserted (let alone demonstrated) that Spectrum has inadequately pled inequitable conduct.

Therefore, Spectrum respectfully requests that the Court grant Spectrum leave to file its Amended Answer and Counterclaims.

1

A.      **The Entire Premise Of Jay's Opposition Is Legally Incorrect**

Jay asserts that defendants are "attempt[ing] to amend their answer well past the deadline for the amendment of pleadings" and to modify the Court's Scheduling Order. (Opp. At 1-2) Neither assertion is true. The Court's Scheduling Order (Docket 23) only provides a deadline for amendments "*as of right*" of May 7, 2014 (60 days after the date of the Scheduling Order). The Order does not preclude permissive amendments after that, nor could it. *See Tailored Lighting, Inc. v. Osram Sylvania Products, Inc.*, 255 F.R.D. 340, 346 (W.D.N.Y. 2009) ("Rule 15(a) provides that once the time for amending a pleading *as of right* has expired, a party may request leave of the court to amend, which the court 'should freely give . . . when justice so requires.'" (emphasis added)). Indeed, Rule 15(b) even allows amendments (with leave of Court) *during trial* if there is no prejudice or even *after trial* to conform to the evidence. *See, e.g.*, *Williams v. Citigroup, Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (granting leave to amend even after judgment issued). Jay is well aware of this distinction, because it was discussed with Magistrate Judge Freeman in an April 10, 2014 status call, and Spectrum told Jay about it on April 24, 2014. (*See* Gilmore Decl. (Docket 98) Ex. B.)

Further, Jay's assertion that the standards of Rule 15 (hinging on non-prejudice to the non-moving party, Opp. at 2) do not apply is legally incorrect, as is his assertion that this motion hinges on "diligence" and "good cause." As stated in *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 176 (S.D.N.Y. 2014), even where a Rule 16(b) deadline has passed, "a district court has discretion to consider Rule 15(a) factors notwithstanding the failure to show good cause for violating a Rule 16(b) deadline." Even *Holmes v. Grumbman*—the only case from this District that Jay cites in support of his position that Spectrum must show good cause to amend—maintains that leave to amend should be evaluated under Rule 15. *See Holmes*

2

*v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (amendments that are untimely under scheduling order should be considered under both Rules 15 and 16).

>   B.  **Spectrum Was Diligent In Seeking Amendment, And Has Good Cause To Plead Inequitable Conduct.**

In any case, Spectrum was diligent and has good cause for its amendment. As of May 7, 2014 (the deadline for amendments as of right), Jay had not even produced the documents at issue in the amendment sought here. (*See* Jay Opp. at 5 (citing Gilmore Decl. Exs. D ("printout from Jay's website obtained by Defendants on May 27, 2014"); E ("article by Dr. Jay produced to Defendants on or about September 10, 2014"); and F ("Patent Application Amendment, dated July 12, 2004, produced and/or obtained by Defendants around (or before) September 10, 2014").) Because these documents were not produced by Jay, and Jay's deposition did not occur until after May 7, 2014, Spectrum obviously could not have amended as of right by that date.

Again, given the stringent requirements for pleading inequitable conduct (which Jay does not dispute, Opp. at 4), Spectrum told Jay this on April 24, 2014 so there was no possibility that he would be misled or surprised. (Gilmore Decl. Ex. B.) As a species of fraud, inequitable conduct must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b). *Exergen v. Walmart Stores, Inc.*, 575 F.3d 1312, 1318, 1330 (Fed. Cir. 2009). The pleading must allege both a material omission or misrepresentation and a specific intent to deceive the PTO. *Therasense, Inc., v. Becton, Dickinson, & Co.*, 649 F.3d 1290 (Fed. Cir. 2011). Materiality depends on the meaning and scope of the patent claims, which depends on the Court's claim construction ruling (issued here May 12, 2015). *Cf. Agfa Corp. v. Creo Products Inc.*, 451 F.3d 1366, 1371 (Fed. Cir. 2006) (claim construction is part of materiality determination). Deceptive intent depends on what the person who made the misrepresentations and omissions (Jay) intended.

Two days after the Court issued its Markman ruling (including that which construed "temporary" to mean "lasting for a limited period of time" (Docket 88, p. 7-8)) Spectrum noticed Jay's deposition.  (Gilmore Decl. Ex. H.)

Jay does not explain how Spectrum was  supposed to allege, consistent with its obligations under Rule 11, specific intent to deceive without first deposing Jay.  It is true that Jay produced to Spectrum written documents that contained statements that were inconsistent with what Jay represented to the PTO.  (Gilmore Decl. Exs. D and E)  However, these documents were published sometimes years before Jay made statements to the PTO that were inconsistent with what he had published.  (*Compare* Gilmore Decl. Exs. D and E in 1999 *with* Gilmore Decl. Ex. F in 2004)  Without first deposing Jay, Spectrum would not know what Jay regarded as true or false.

On June 9, 2015—less than a month after the Court's Markman ruling—the defendants deposed Jay, and Jay confirmed under oath that what he had told the PTO he regarded as false.  Spectrum then filed its Motion for Leave to Amend only three weeks after receiving Jay's final deposition transcript (and unsuccessfully asking Jay to consent to amendment).  Spectrum was therefore diligent in seeking leave to amend, and ensured that it met the high bar for alleging inequitable conduct.  Spectrum therefore has good cause to amend.  *See Hinds Cnty., Miss. v. Wachovia Bank N.A.*, 291 F.R.D. 73, 74 (S.D.N.Y. 2013) (party did not engage in dilatory conduct by taking time to review additional materials before seeking leave to amend complaint).

    **C.**    **Spectrum Does Not "Misrepresent" Jay's Deposition Testimony**

Jay repeatedly accuses Spectrum of "blatant misquotation and misrepresentation," "completely ignor[ing] the context," "mischaracteriz[ing] testimony," and "deliberate attempts . . . to deceive the Court into misreading and misinterpreting." (Opp. at 1, 7,8,10)  The sole basis for these extreme assertions (which go only to weight and not the adequacy of

4

pleading, and so are irrelevant here) is that when describing Jay's answer to a question about whether "permanent" hair removal that grew back after 12 months lasted for "a limited period of time," Spectrum quoted Jay as stating "[e]verything is for a limited period of time," instead of "[e]verything is a limited period of time."  (Opp. at 7.)  There is no difference between the two statements:  Jay testified that he regarded the distinction he presented to the PTO—that his supposed invention was directed to temporary hair removal ("lasting for a limited period of time"), while the prior art was directed to permanent hair removal—was a distinction he regarded as false and nonexistent because "[e]verything is a limited period of time."  (Gilmore Decl. Ex. G at 70-71.)

By contrast, Jay's characterization of his own prior statements and testimony is misleading at best.  Although he testified that he believed permanent hair removal lasted "for a limited period of time" during prosecution, he now claims that the distinction he was making was between permanent hair *reduction* and temporary hair *removal*.  This is not true.  Both of the prior art articles that Jay failed to disclose to the PTO, and about which Jay was questioned at his deposition, state that "permanent hair *removal*" does not mean the hair will never grow back, i.e. will only "last for a limited period of time."  (Gilmore Ex. D at 2; Ex. E at 11, Ex. G at 68-76)  Neither document in this context says anything about permanent hair "*reduction*."  Further, Jay testified at his deposition that under the FDA's supposed definition of permanent hair removal, "if [hair] grew back, that would be still considered permanent hair removal."  (Gilmore Decl. Ex. G at 72:3-24.)  Jay cannot now change that fact by changing the word "removal" in his brief to "[reduction]."  (Opp. at 9.)[1]

---

[1] Jay asserts in his Opposition that the change from "removal" to "[reduction]" is "errata."  However, Jay made no changes to his transcript within 30 days as required by FRCP 30(e)(1).  Similarly, Jay never made such a distinction to the PTO during prosecution.  (*See* Gilmore Ex. F, at 8-9 (contrasting "permanent hair removal" with "temporary" "removal of hair").)

**D.     Jay Nowhere Alleges Any Prejudice Or Inadequacy Of Pleading**

Jay still cites no unfair prejudice from Spectrum's proposed amendment to add an inequitable conduct defense or counterclaim, nor could he. Spectrum's amendment flows directly from Jay's own misconduct (about which he has personal knowledge) and the Court's *Markman* decision, and merely conforms to the evidence in this case. Similarly, Jay has not argued that inequitable conduct is inadequately pled. Indeed, despite his arguments about the merits of the defense and Jay's testimony that supports it, Jay acknowledges that pleading and ultimate proof are different issues. (Opp. at 4.)

For the foregoing reasons, Spectrum respectfully requests that the Court grant Spectrum's Motion for Leave to Amend Answer and Counterclaims, pursuant to Federal Rule of Civil Procedure 15(a)(2).

WILMER CUTLER PICKERING
HALE AND DORR LLP

*/s/ Martin E. Gilmore*

Wayne L. Stoner
Shira C. Hoffman
60 State Street
Boston, MA 02109
(617) 526-6000 (t)
(617) 526-5000 (f)
wayne.stoner@wilmerhale.com
shira.hoffman@wilmerhale.com

Martin E. Gilmore
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 295-6380 (t)
(212) 230-8888 (f)
martin.gilmore@wilmerhale.com

*Attorneys for Defendants and Counterclaim-Plaintiffs*