

DIRECT DIAL NUMBER:   John C. Kessler
(917) 675-4260   jckessler@dilworthlaw.com

August 26, 2015

**VIA ECF**

The Honorable Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:   *Harvey H. Jay v. Spectrum Brands Holdings, Inc., et al.,* No. 1:13-cv-8137 (LTS) (DCF)
        Request for Sur-Reply

Dear Judge Swain:

      Plaintiff Jay respectfully requests permission to file this short sur-reply to correct misstatements made by Defendant Spectrum in its Reply Memorandum in Support of Spectrum's Motion for Leave to Amend Answer and Counterclaims (Dkt. No. 107). In a similar fashion to the misquotations found in its opening memorandum pertaining to the deposition testimony of Dr. Jay, Spectrum continues its pattern of misrepresentation in its reply brief by taking portions of the Court's Pre-Trial Scheduling Order out of context. Specifically, Spectrum supports its argument that Federal Rule of Civil Procedure ("Rule") 15 applies instead of Rule 16 by misrepresenting the contents of the Scheduling Order, stating "[t]he Court's Scheduling Order (Docket 23) only provides a deadline for amendments '*as of right*' of May 7, 2014 (60 days after the date of the Scheduling Order)." Dkt. No. 107 at 2 (emphasis in original). The Scheduling Order, however, makes clear that **"[a]ll applications to amend pleadings** or join parties, **or amendments or joinders as of right**, must be within 60 days after the entry of this Order." Dkt. No. 23 at ¶ 1 (emphasis added). While it is true that amendments or joinders as of right must be filed within 60 days, Spectrum omits the portion of the Scheduling Order that also requires <u>all</u> applications to amend pleadings be filed within 60 days.

      Indeed, in *Air China Ltd. v. Li*, the Pre-Trial Scheduling Order contained language that is nearly identical to the language of the Scheduling Order in this case. *See Air China Ltd. v. Li*, 07-cv-11128 (LTS) (DFE), Dkt. No. 35 at ¶¶ 1, 10 (S.D.N.Y. May 9, 2008) (Swain, J) ("[a]ll applications to amend pleadings or join parties, or amendments or joinders as of right, shall be made by September 2, 2008…The deadlines in this Pre-Trial Scheduling Order will not be

The Honorable Laura Taylor Swain
August 26, 2015
Page 2

adjourned except in the Court's discretion upon good cause…."). When defendants moved to amend their answer and counterclaims past the deadline provided in Paragraph 1 of the Scheduling Order, as Spectrum does here, this Court applied Rule 16 and denied leave to amend for failure to show good cause. *See id.,* Dkt. 62, at pp. 2-3 ("Defendants' motion is governed by Rule 16 of the Federal Rules of Civil Procedure" and "Defendants have failed to carry their burden of showing good cause as to why they should be granted leave to amend their pleading after the deadline provided in the Pre-Trial Scheduling Order."). As it did in *Air China*, the Court should deny Spectrum's Motion for Leave to Amend for failing to show good cause pursuant to Rule 16 as further explained in Plaintiff's opposition brief.

        Respectfully submitted,

        /s/ *John C. Kessler*

        John C. Kessler

Enclosures

cc:     Counsel of Record (via ECF)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIR CHINA,

      Plaintiff(s),

-against-

LI,

      Defendant(s).

No. 07 Civ. 11128 (LTS) (DFE)

PRE-TRIAL
SCHEDULING
ORDER

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

   A pre-trial conference was last held in this matter on May 9, 2008. The Court hereby makes the following provisions for scheduling and trial in this matter. To the extent copies of this Order were not distributed to all parties in open court, Plaintiff's counsel[1] shall serve a copy of this Pre-Trial Scheduling Order on counsel for each other party and on each unrepresented party within ten (10) days from the date hereof, and a copy of this Pre-Trial Scheduling Order shall be served with any subsequent process that brings in additional parties. Proof of such service shall be filed promptly with the Court.

1.  Amendments to Pleadings, Additional Parties

  All applications to amend pleadings or join parties, or amendments or joinders as of right, shall be made by **September 2, 2008**.

2.  Discovery

  a.  All non-expert witness discovery in this matter shall be completed by **August 28, 2009**.

  b.  Plaintiff(s) shall make expert witness disclosures described in Rule 26(a)(2) of the Federal Rules of Civil Procedure no later than **60 days before the date set forth in paragraph 2.c. below**. Defendant(s) shall make such disclosures no later than **30 days before the date set forth in paragraph 2.c. below**. Such disclosures shall be made in writing, signed and served, but shall not be filed with the Court.

---

[1]  As used in this Pre-Trial Scheduling Order, the term "counsel" shall, in the case of an individual party who is proceeding Pro-se, mean such party.

        c.       All expert witness discovery shall be completed by **August 28, 2009**.

3.      <u>Dispositive Pre-Trial Motions</u>

Dispositive motions, if any, seeking resolution, in whole or in part, of the issues to be raised at trial shall be served and filed on or before **September 30, 2009**. No pre-motion conference is required, but the parties must comply with the consultation and certification requirements of Paragraph 2.B. of the Individual Practices Rules of the undersigned. If the movant believes the motion, if granted, would obviate entirely the necessity of a trial in this matter, the movant shall so state in a separate MOTION FOR STAY, which shall be served and filed with the moving papers, and may in such stay motion request that the Court defer the remaining requirements of this Order pending its decision on the dispositive motion. Unless the Court grants such stay motion, the filing of a dispositive motion <u>does</u> not affect the parties' obligations under this Order.

4.      <u>Other Pre-Trial Motions</u>

Other motions, including but not limited to motions <u>in limine</u> relating to evidentiary issues, must be filed and served no later than thirty (30) days before **the date set forth in paragraph 9 below**, unless otherwise allowed by the Court for good cause shown.

5.      <u>Preliminary Conference</u>

Counsel for the parties shall confer preliminarily at least forty-five (45) days before **the date set forth in paragraph 9 below.** At or prior to this preliminary conference, counsel shall provide copies of each proposed exhibit for inspection by opposing counsel and for waiver or noting of objection and shall make the disclosures required by Fed. R. Civ. P. 26(a)(3). At the preliminary conference, counsel shall discuss (a) settlement, (b) any anticipated further motion practice, including motions <u>in limine</u>, and (c) the matters required to be addressed in their Joint Pre-Trial Statement, as set forth in paragraph 6 below.

6.      <u>Joint Pre-Trial Statement</u>

Counsel for all parties shall confer and shall prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, no later than ten (10) days before **the date set forth in paragraph 9 below**, a single document captioned JOINT PRE-TRIAL STATEMENT, which shall include:

    a.      A concise statement of the legal issues to be decided.
    b.      A concise statement of the material facts not in dispute.
    c.      A witness list containing the names, addresses and a brief summary of the

testimony of each witness each party will call. A person not identified on this list may not be called during a party's case in chief.

d. A final exhibit list in tabular form containing the following information for all exhibits to be offered at trial. Exhibits not identified on this list may not be offered during a party's case in chief. The format shall be substantially as illustrated below.

| Exhibit Number or Letter | Description | Objection(s), if any | Status |
|---|---|---|---|
|  |  |  |  |

i. Plaintiff's exhibits shall be identified by numbers (e.g., Plaintiff's Exhibit 1, Plaintiff's Exhibit 2) and Defendant's Exhibits shall be identified by letters (e.g., Defendant's Exhibit A, Defendant's Exhibit B). If there is more than one Plaintiff or Defendant, the parties shall coordinate their designations so as to avoid duplication.

ii. In the "Objection(s)" column of the table, one asterisk should be entered to indicate exhibits to which no party objects on grounds of authenticity, and two asterisks should be entered to indicate exhibits to which no party objects on any ground. Any objections must be explained briefly, with citation to the relevant Federal Rule of Evidence or other legal authority.

iii. The "Status" column should be left blank, for later use by the Court.

e. A list of the depositions, if any, to be offered at trial, with notation and explanation (including citation to the relevant legal authority) of any objections to the designations.
f. Stipulations, if any, as to the admissibility of exhibits and depositions.
g. Each party's statement as to whether the case is to tried before a jury.
h. A statement as to whether or not all parties consent to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).
i. Each party's estimate of the time required for presentation of its case.

When feasible, the Joint Pre-Trial Statement should also be submitted to Chambers on a CD-Rom in WordPerfect version 6 or higher format.

The following documents must be annexed to, or submitted to Chambers concurrently with, the Joint Pre-Trial Statement:

> One copy of each documentary exhibit to be offered at trial. Such exhibits must be pre-marked. In the event that a party intends to offer more than 15 documentary exhibits at the trial, the exhibits should be tabbed and included in a binder for easy reference. On the day of trial, counsel shall bring additional pre-marked copies for use by witnesses, the courtroom deputy, the court reporter, opposing parties and (if applicable) the jury.

7. Proposed Voir Dire, Requests to Charge and Verdict Form

    a. In a case to be tried before a jury, and no later than five (5) business days before **the Final Pre-Trial Conference date set forth in paragraph 9 below**:

        i. each party shall serve on each other party and file with the Court its proposed voir dire and verdict form. Prior to service and filing of the proposed voir dire and verdict form, counsel shall provide copies to opposing counsel for inspection and noting of objection; and

        ii. The parties shall file a single document captioned JOINT REQUESTS TO CHARGE, which shall include the full text of all of their respective proposed jury instructions and a brief explanation of the objections, if any, to any disputed requests to charge, with citations to the relevant legal authority.

    b. When feasible, proposed voir dire, requests to charge and verdict forms shall also be submitted to Chambers on a CD-Rom in WordPerfect version 6 or higher format.

8. Proposed Findings of Fact and Conclusions of Law

    If the case is not to be tried before a jury, each party shall serve on each other party and file with the Court its proposed findings of fact and conclusions of law, which shall be broken down into separately enumerated paragraphs, no later than five (5) business days before **the Final Pre-Trial Conference date set forth in the following paragraph**. When feasible, the proposed findings of fact and conclusions of law should also be submitted on a CD-Rom in WordPerfect version 6 or higher format.

9. Final Pre-Trial Conference

    The parties are directed to appear before the undersigned in Courtroom No. 17C$^2$, 500 Pearl Street, New York, NY 10007, for a final pre-trial conference on **December 4, 2009,**

---

$^2$On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

at **2:00 p.m**. The purpose of the conference is to explore the possibility of settlement, schedule the trial (which shall, the Court's calendar permitting, commence within two weeks after the conference) if necessary, to review the issues to be tried and the proof to be offered in connection therewith, and to resolve any remaining pre-trial issues.

The counsel who plan to try the case must appear at such conference. Counsel attending the conference shall seek settlement authority from their respective clients prior to such conference. If counsel is not granted such authority, the client must be present in person or available by telephone so that a settlement can be consummated if possible. "Settlement authority," as used in this order, includes the power to enter into stipulations and make admissions regarding all matters that the parties may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in this Pre-Trial Scheduling Order.

The Court will not adjourn the final pre-trial conference or excuse the appearance of a party or its counsel unless a stipulation of settlement is on file prior to the pre-trial conference date set forth in this paragraph 9.

10. No Adjournment of Deadlines

The deadlines set forth in this Pre-Trial Scheduling Order will not be adjourned except in the Court's discretion upon good cause as shown in a written application signed by both counsel and counsel's client and served upon all parties. "Good cause," as used in this paragraph, does not include circumstances within the control of counsel or the client.

11. Non-Compliance with This Order

In the event that any party fails to comply with this Pre-Trial Scheduling Order, or is not prepared to go forward with trial on the date scheduled, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorney's fees, precluding evidence or defenses, dismissing the action, granting judgment by default, and/or other appropriate penalties.

In particular, the parties are advised that the Court may, without further hearing, render judgment in favor of the adverse party if a party is not prepared to proceed to trial within two weeks of the scheduled final pre-trial conference date.

12. Other Matters

The parties shall begin meeting with Judge Eaton for settlement purposes by **July 15, 2008.**

IT IS SO ORDERED.

Dated: New York, New York
May 9, 2008

LAURA TAYLOR SWAIN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

AIR CHINA LIMITED,

      Plaintiff,

  -v-                                         No. 07 Civ. 11128 (LTS)(DFE)

NELSON LI et al.,

      Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

In this action arising out of an alleged ongoing fraudulent scheme, Plaintiff Air China Limited ("Plaintiff") asserts statutory claims for violations of the Racketeer Influenced Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-1968, and New York General Business Law § 349. Plaintiff also asserts New York state common law claims for conversion, unjust enrichment, negligence, negligent misrepresentation, fraud in the inducement and deceit.[1] The Court has subject matter jurisdiction of Plaintiff's RICO claims pursuant to 28 U.S.C. § 1331 and of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Defendants Nelson Li, John A. Varacchi, George F. Donohue, Jay Kopf, Christian M. Deutsch, WBM-JMK Development LLC, JMK Construction Group Ltd., TCC Interiors, Ltd., GMAC Real Estate LLC and GMAC Real Estate IPG New York (collectively, "Defendants") have moved to amend their pleading to assert an additional counterclaim. The Court has considered the parties' submissions thoroughly. For the

---

[1] Plaintiff's claims for breach of fiduciary duty and for an accounting were dismissed by the Court in a Memorandum Opinion and Order, dated March 31, 2009. (Docket entry no. 48.)

following reasons, Defendants' motion is denied.

BACKGROUND

Plaintiff initiated this action by filing a complaint on December 10, 2007. (Docket entry no. 7.) In response to the Court's Initial Conference Order (docket entry no. 8), on February 1, 2008, Plaintiff filed a RICO Statement that provided additional information regarding its allegations (docket entry no. 12). On March 24, 2008, Defendants filed an Answer and Counterclaim in which they asserted a single counterclaim arising out of Plaintiff's alleged failure to perform its contractual obligations. (Docket entry no. 31.) The Court issued a Pre-Trial Scheduling Order on May 9, 2008, which required that all applications to amend pleadings be made by September 2, 2008. (Docket entry no. 35.) The Pre-Trial Scheduling Order provided that the deadlines set forth therein would not be adjourned except in the Court's discretion on a showing of good cause. (Id.) Circumstances within the control of the parties or their counsel were expressly identified as insufficient to constitute good cause. (Id.) Defendants moved to amend their Answer and Counterclaims to assert an additional counterclaim (the "Proposed Amendment") on July 7, 2009. (Docket entry no. 53.)

DISCUSSION

Defendants' motion is governed by Rule 16 of the Federal Rules of Civil Procedure, which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this Circuit, "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Morever . . . a finding of 'good cause' depends on the diligence of the moving party." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). Defendants asserted in their motion papers that they learned of the facts giving rise to the Proposed Amendment during the deposition of defendant Jay Kopf. (Kopf Aff. ¶¶ 7, 16.) However,

Plaintiff has proffered that Kopf's deposition occurred on September 4, 2008 (Catafago Aff., ¶ 7),[2] ten months before Defendants filed the instant motion. Plaintiff also has proffered that all document production in this action was completed in July 2008. (Id. ¶ 7.)[3] Edward Weissman, counsel for Defendants, asserts in a Reply Affidavit that Defendants were not dilatory in filing the motion to amend but, rather, "the motion to amend follows the completion of party depositions and documentation only recently obtained through Subpoenae directed to various non-parties." (Weissman Aff., ¶ 2.) This proffer is barren of any information as to the dates of the relevant depositions or the dates the documents were received and it contradicts the assertion in Defendants' motion papers that Defendants discovered the facts giving rise to the Proposed Amendment during the Kopf deposition. Accordingly, Defendants have failed to carry their burden of showing good cause as to why they should be granted leave to amend their pleading after the deadline provided in the Pre-Trial Scheduling Order.[4]

## CONCLUSION

For the foregoing reasons, Defendants' motion to amend their Answer and Counterclaims is denied. This Order resolves docket entry no. 53.

SO ORDERED.

Dated: New York, New York
November 6, 2009

LAURA TAYLOR SWAIN
United States District Judge

---

[2]  The affidavit of Jacques Catafago erroneously contains two consecutive paragraphs numbered "7." This citation refers to the first paragraph 7.

[3]  This citation refers to the second paragraph 7 of the Catafago Affidavit.

[4]  In light of this conclusion, the Court need not address Plaintiff's argument that leave to amend should be denied on the grounds that the Proposed Amendment would be futile.