

DIRECT DIAL NUMBER:  James J. Rodgers
(215) 575-7143  jrodgers@dilworthlaw.com

August 28, 2015

**VIA ECF**

The Honorable Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:  *Harvey H. Jay v. Spectrum Brands Holdings, Inc., et al.,* No. 1:13-cv-8137 (LTS) (DCF)
     Request for Sur-Reply

Dear Judge Freeman:

     In further support of his Opposition to Defendants' Motion for Sanctions, Plaintiff Jay respectfully requests permission to file the attached Second Declaration of Harvey H. Jay in Opposition to Defendants' Motion for Sanctions. In its Reply Memorandum in Support of Spectrum's Motion for Sanctions for Breach of the Protective Order, Spectrum raises for the first time its argument that Dr. Jay's testimony regarding "tables" referred to highly confidential information disclosed only in Spectrum's clinical studies. Defendants mischaracterize Dr. Jay's testimony. As explained in his declaration, Dr. Jay's deposition testimony pertained not to tables in Spectrum's clinical studies, but rather to tables that are publicly available literature in the field. The Declaration clarifies that none of the information referenced by Dr. Jay in his deposition testimony was obtained from documents marked "Highly Confidential" by Defendants.

     Respectfully submitted,

     /s/ *James J. Rodgers*

     James J. Rodgers

Enclosure

cc:  Counsel of Record (via ECF)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HARVEY H. JAY,<br><br>                      *Plaintiff,*<br>   v.<br><br>SPECTRUM BRANDS HOLDINGS, INC., SPECTRUM BRANDS, INC., and SHASER, INC.,<br><br>                      *Defendants.* | C.A. No. 1:13-cv-8137-LTS-DCF |

**SECOND DECLARATION OF HARVEY H. JAY IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SANCTIONS**

I, Harvey H. Jay, declare as follows:

1. The facts set forth below are known to me personally, and I have first-hand knowledge of them.

2. I understand that Defendants have asserted that when I referred to "tables" in my deposition (the sole instance of "tables" occurs in the transcript at page 192, line 5), I was referring to tables that appear in one or more clinical studies performed by Defendants. That is not accurate.

3. The "tables" to which I was referring are tables which are published in the literature in this field which describe the proportions of hairs at various body locations which are actively growing (i.e., "anagen" hairs).

4. All references that I made to "studies" and "tables" in my deposition testimony referred to studies and tables which I learned about through publicly-available documents.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 28, 2015

_____
Harvey H. Jay