Case 1:13-cv-08137-LTS-DCF   Document 110   Filed 08/26/15   Page 1 of 11



Dilworth
Paxson

DIRECT DIAL NUMBER:
(917) 675-4260

John C. Kessler
jckessler@dilworthlaw.com

**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/15
```

August 26, 2015

**VIA ECF**

The Honorable Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:   *Harvey H. Jay v. Spectrum Brands Holdings, Inc., et al.*, No. 1:13-cv-8137 (LTS) (DCF)
      Request for Sur-Reply

Dear Judge Swain:

Plaintiff Jay respectfully requests permission to file this short sur-reply to correct misstatements made by Defendant Spectrum in its Reply Memorandum in Support of Spectrum's Motion for Leave to Amend Answer and Counterclaims (Dkt. No. 107). In a similar fashion to the misquotations found in its opening memorandum pertaining to the deposition testimony of Dr. Jay, Spectrum continues its pattern of misrepresentation in its reply brief by taking portions of the Court's Pre-Trial Scheduling Order out of context. Specifically, Spectrum supports its argument that Federal Rule of Civil Procedure ("Rule") 15 applies instead of Rule 16 by misrepresenting the contents of the Scheduling Order, stating "[t]he Court's Scheduling Order (Docket 23) only provides a deadline for amendments '*as of right*' of May 7, 2014 (60 days after the date of the Scheduling Order)." Dkt. No. 107 at 2 (emphasis in original). The Scheduling Order, however, makes clear that **"[a]ll applications to amend pleadings** or join parties, **or amendments or joinders as of right**, must be within 60 days after the entry of this Order." Dkt. No. 23 at ¶ 1 (emphasis added). While it is true that amendments or joinders as of right must be filed within 60 days, Spectrum omits the portion of the Scheduling Order that also requires *all* applications to amend pleadings be filed within 60 days.

Indeed, in *Air China Ltd. v. Li*, the Pre-Trial Scheduling Order contained language that is nearly identical to the language of the Scheduling Order in this case. *See Air China Ltd. v. Li*, 07-cv-11128 (LTS) (DFE), Dkt. No. 35 at ¶¶ 1, 10 (S.D.N.Y. May 9, 2008) (Swain, J) ("[a]ll applications to amend pleadings or join parties, or amendments or joinders as of right, shall be made by September 2, 2008…The deadlines in this Pre-Trial Scheduling Order will not be

99 Park Avenue • Suite 320 • New York, NY 10016 • 917-675-4250 • Fax: 212-208-6874
www.dilworthlaw.com • Philadelphia, PA • Cherry Hill, NJ • Harrisburg, PA • Washington, DC • Red Bank, NJ • Wilmington, DE

The Honorable Laura Taylor Swain
August 26, 2015
Page 2

adjourned except in the Court's discretion upon good cause...."). When defendants moved to amend their answer and counterclaims past the deadline provided in Paragraph 1 of the Scheduling Order, as Spectrum does here, this Court applied Rule 16 and denied leave to amend for failure to show good cause. *See id.*, Dkt. 62, at pp. 2-3 ("Defendants' motion is governed by Rule 16 of the Federal Rules of Civil Procedure" and "Defendants have failed to carry their burden of showing good cause as to why they should be granted leave to amend their pleading after the deadline provided in the Pre-Trial Scheduling Order."). As it did in *Air China*, the Court should deny Spectrum's Motion for Leave to Amend for failing to show good cause pursuant to Rule 16 as further explained in Plaintiff's opposition brief.

Respectfully submitted,

/s/ *John C. Kessler*

John C. Kessler

Enclosures

cc:   Counsel of Record (via ECF)

The requested permission is granted.

SO ORDERED:

_____ 8/31/15
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE