IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| HARVEY H. JAY, M.D., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 1:13-cv-8137-LTS-DCF |
| SPECTRUM BRANDS HOLDINGS, INC., | : | |
| SPECTRUM BRANDS, INC., and | : | |
| SHASER, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
CONFIDENTIALITY DESIGNATIONS AND TO ENFORCE PROTECTIVE ORDER**

DILWORTH PAXSON LLP

99 Park Avenue, Suite 320
New York, NY 10016
(917) 675-4260 (telephone)
(212) 208-6874 (facsimile)

1500 Market St. 3500E
Philadelphia, PA 19102
(215) 575-7000 (telephone)
(215) 557-7200 (facsimile)

*Attorneys for Harvey H. Jay, M.D.*

## <u>PRELIMINARY STATEMENT</u>

Plaintiff Harvey H. Jay respectfully requests the Court strike certain "Highly Confidential—Attorneys' Eyes Only" designations (hereinafter, the "AEO" designations) made by Defendants. Specifically, Plaintiff requests the Court strike: 1) the designations of two deposition transcripts that Defendants marked AEO in their entirety even though they include little or no highly sensitive business information, and 2) certain documents that are blatantly not confidential, such as photographs of skin, meaningless images of letters and numbers, blank pages, printouts from Wikipedia, articles from publicly-available technical journals, articles from the website of Wayne State University, and even copies of Dr. Jay's very own patents. Despite being notified of these improper designations, Defendants have provided no substantive justification for the AEO designations and have given no indication that they will correct the deficiencies. Because Defendants cannot meet their burden of proving that their designations are appropriate pursuant to Section 17 of the Protective Order (Dkt. No. 57), the Court should strike the AEO designations.

In addition, Plaintiff requests that the Court enforce the Protective Order by requiring Defendants to reassess their confidentiality designations for their entire production. Defendants have indiscriminately designated their documents as AEO to such a degree that it would be unduly burdensome for Plaintiff to raise individual challenges to the thousands of improperly designated documents. This relief is especially appropriate in this instance because Defendants' have filed a motion for sanctions based on information that Plaintiff contests was inappropriately designated as AEO.

## FACTS

Plaintiff deposed Defendants' corporate representatives Richard Lee on June 25, 2015 and Daniel Roth on July 1, 2015.[1] Although the deponents' testimony involved little or no sensitive business or technical information, Defendants designated the entire deposition transcripts of both Mr. Roth and Mr. Lee as AEO. On July 28, 2015, Plaintiff wrote Defendants a letter challenging Defendants' over-designations of the deposition transcripts. *See id.*, Exh. 1. Plaintiff notified Defendants that the majority of the deposition testimony contained no substantive information and did not relate to the exhibits that Defendants marked AEO. Plaintiff further explained that the exhibits themselves, such FDA submissions and other dated documents, contained only stale or non-confidential information and were therefore improperly designated as AEO.

On August 6, 2015, Defendants informed Plaintiff that they were maintaining their confidentiality designations without providing any justification for their designations, except stating that Plaintiff is "an attempted competitor of the defendants" and that Plaintiff similarly designated old documents as "Confidential." *See id.*, Exh. 2.

On August 18, 2015, Plaintiff asked Defendants to substantively respond to the outstanding confidentiality challenges and further challenged the Defendants' systematic misuse of the "AEO" designation in thousands of documents. *See id.*, Exh. 3. Plaintiff specifically identified numerous examples of Defendants' overuse of the AEO designation. *See id.* at 2. Plaintiff further clarified that Plaintiff had not similarly over-designated documents because: 1) a "Confidential" designation does not impose a constraint on the ability to litigate a case as does an "AEO" designation, and 2) Plaintiff agreed in January 2015 that any document designated

---

[1] With the Court's permission, Plaintiff would like to submit these deposition transcripts and the referenced exhibits for *in camera* review.

"Confidential" by Plaintiff that was available to the public and did not contain any annotations by Jay may be treated as non-designated material. *See id.* In addition, Plaintiff requested Defendants provide a log identifying the specific information contained in each document which justifies an "AEO" designation. *See id.* To date, Defendants have not responded to Plaintiff's August 18 Letter and are outside of the 10 day deadline of the Protective Order. *See* Protective Order, § 17 ("If the requested change in designation is not agreed to within ten (10) days after the request is made, the party seeking the change may move for appropriate relief.").

On July 24, 2015, Defendants moved for sanctions for breach of the Protective Order. Dkt. No. 100. As explained in Plaintiff's opposition brief (filed under seal on August 10, 2015), Defendants based their motion on the alleged disclosure of information improperly designated AEO by Defendants. Opposition Brief at 11-14.

## <u>ARGUMENT</u>

### I.   THE COURT SHOULD STRIKE THE IMPROPER CONFIDENTIALITY DESIGNATIONS IDENTIFIED BY PLAINTIFF.

Section 4 of the Protective Order limits the use of the "AEO" designation to small discrete groups of "highly sensitive" documents. Dkt. No. 57, at § 4.[2] Both Federal Rule of Civil Procedure 26 (c) and the Protective Order required Defendants to designate their documents in

---

[2]     Specifically, the AEO designation was reserved for information including but not limited to:

> (a) highly sensitive information relating to the development of products; (b) highly sensitive current or future business or marketing plans; (c) highly sensitive financial information or forecasts, customer lists, pricing data, cost data, licenses, customer orders, or customer quotations; (d) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; and (e) any other documents, information, or materials that relate to proprietary information that the Producing Party reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the Producing Party.

Protective Order (Dkt. No. 57), at § 4.

118461159_1

good faith. *Id.,* at §§ 3-4; Fed.R.Civ.P. 26(c). Defendants breached their duty of good faith by extending the AEO designation to documents outside of these discrete groups.

Plaintiff notified Defendants that the Roth and Lee deposition transcripts, as well as many other documents that Defendants designated as AEO, did not contain any highly sensitive information and were therefore improperly designated AEO. *See* Halderman Decl., Exh. 3. For example, Plaintiff informed Defendants that they improperly designated thousands of the following types of documents as AEO: photographs of skin, meaningless images of letters and numbers, blank pages, printouts from Wikipedia, articles from publicly-available technical journals, articles from the website of Wayne State University, and even copies of Dr. Jay's very own patents. *See id.* at 2.

It is  Defendants' "burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c) and entitled to the designation according to the terms of [the Protective] Order." Protective Order (Dkt. No. 57), at § 17. To date, however, Defendants have failed to even substantively respond to Plaintiff's challenges. As explained below, because the challenged documents do not contain highly sensitive information, the Court should strike the AEO designations.

A.      **Many Of The AEO-Designated Documents Are Not Even Confidential Documents.**

Many of the documents designated AEO by Defendants not only exceed the scope of Section 4 of the Protective Order, but also fall into categories of obviously non-confidential or publicly accessible documents. For example, the Wikipedia printouts, articles from publicly-available technical journals, articles from the website of Wayne State University, and Dr. Jay's patents are clearly non-confidential and publicly available documents. *See* Colby Decl., at Exh.

4

"E."[3] Defendants breached their duty of good faith by their extreme over-designation of obviously non-confidential documents as AEO. *See, e.g., THK Am., Inc. v. NSK Co.*, 157 F.R.D. 637, 646 (N.D. Ill. 1993) (finding that defendants in patent case had acted in bad faith by "designat[ing] as 'Attorneys' Eyes Only' hundreds of published, publicly available documents, among which are catalogues, patents, books, magazines, technical journals and newspaper articles.").

Meaningless images of letters and numbers and blank pages obviously do not contain any confidential information. *See* Colby Decl., at Exh. "E."; *See In re ULLICO Inc. Litig.*, 237 F.R.D.314, 317-18 (D.D.C. 2006) (finding that defendant acted in bad faith and had "grossly abused" the protective order's "confidential designation" by designating documents such as "blank income tax forms" and "blank pages" as confidential).

The photographs of skin do not contain any information that could be used to identify any of the subjects. Further, they do not reveal information about any particular technique of hair removal that could even be arguably confidential.

Because these documents do not even contain confidential information, let alone highly sensitive business information as suggested by Defendants' AEO designations, the Court should strike all confidentiality designations. In fact, the egregious conduct displayed by Defendants in this case has drawn admonishments and sanctions from many courts. *See e.g., THK Am., Inc.,* 157 F.R.D. at 644 (finding that defendants' designation of public documents as "Attorneys' Eyes Only" was a flagrant violation of protective order that warranted the elimination of that designation for defendants); *Orwasher*, 2010 WL 2017254, at *3 (finding that as a result of defendants' failure to review documents before labeling them "highly confidential," "defendants

---

[3]     The Colby Decl. refers to the Declaration of Gary D. Colby in Opposition to Defendants' Motion for Sanctions dated August 10, 2015 (filed under seal).

have forfeited their ability to designate these documents as highly confidential."); *Quotron Sys.,*
*Inc. v. Automatic Data Processing, Inc.,* 141 F.R.D. 37, 40 (S.D.N.Y. 1992) (imposing a ten-day
deadline for reclassification of documents where defendant had, as a litigation tactic and not due
to inadvertence, over designated documents as "Highly Confidential," thereby unduly restricting
plaintiff's ability to prepare for trial).

      **B.**     **The Deposition Transcripts Do Not Contain AEO Information.**

      Like their document designations, the Defendants' AEO designations of the entire Lee
and Roth deposition transcripts are improper. In the July 28 and August 18 Letters, Plaintiff
challenged these AEO designations, explaining that the depositions involved only minimal
substantive information and related little to the exhibits that Defendants marked AEO. Plaintiff
further explained that while the deponents were questioned about some exhibits that were
designated AEO, the exhibits did not contain highly sensitive information and were therefore
improperly designated. Defendants have not meet their burden under Section 17 of the Protective
Order because they have failed to provide any substantive explanation as to why the deposition
transcripts or exhibits include highly sensitive business information.

      Exhibits 17 and 20 included Defendants' 510(k) FDA submissions from five years ago.
These submissions are stale and do not include any information that would be useful to a
competitor. The same is true of Defendants' internal documentation concerning interaction with
the FDA (Exhibits 7, 18). The FDA's regulation mandating confidentiality of submitted material
is predicated upon the subject information being a trade secret or commercial or financial
information that is customarily held in strict confidence. 21 C.F.R. § 20.61. Despite Plaintiff's
challenge, Defendants have made no showing that the types of information in the FDA
submissions are protected trade secrets or highly sensitive commercial or financial information.

Plaintiff has informed Defendants that it would not object to this information being designation "Confidential."

Exhibits 4, 5, and 6 include historic sales and profit information, but do not include highly sensitive financial information such as "forecasts, customer lists, pricing data, cost data, licenses, customer orders, or customer quotations" as expressed in Section 4 of the Protective Order. Plaintiff would not dispute a "Confidential" designation for this information but believes that AEO is inappropriate.

Further, Exhibits 8-9 and 21 do not include highly sensitive business information. These Exhibits consist of exploratory business plans and overviews from the early years of Shaser and are not sensitive today to a business that has since been acquired by Spectrum, a major consumer products company. These Exhibits do not even rise to the level of "Confidential." Similarly, the 2009 agreement between Spectrum and Shaser is likewise stale information of little or no commercial sensitivity today given the acquisition of Shaser by Spectrum (Exhibit 22). Plaintiff would agree to a "Confidential" designation for this agreement.

Finally, Exhibits 10-11 include outdated product development and general business plan information that should not be designated AEO. Plaintiff  would not object to a "Confidential" designation.

Because Defendants have not met their burden of showing that the deposition transcripts contain highly sensitive information, the Court should strike the AEO designations.

**C.     In The Alternative, The Court Should Order Defendants To Provide A Log Providing Justification For Each Of Their AEO Designations.**

If the Court decides not to strike the Defendants' AEO designations at this time, it should require the Defendants to comply with the Protective Order by providing a log explaining why each of their AEO designations is proper. To date, the Defendants have not substantively

118461159_1

responded to the July 28 and August 18 Letters, which notified them of Plaintiff's challenges to their document designations pursuant to Section 17 of the Protective Order. Under that Section, Defendants have the "burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c) and entitled to the designation according to the terms of [the Protective] Order." Protective Order (Dkt. No. 57), at § 17. Defendants have only attempted to justify their designations by stating that Plaintiff is "an attempted competitor of the defendants" and that Plaintiff similarly designated old documents as "Confidential." *See id.*, Exh. 2. Defendants' excuses fall far short of meeting their burden under Section 17 of the Protective Order.  That Plaintiff in years past attempted to commercial a device that would have been competitive, and could in theory again do so, does not justify keeping from him virtually all data relating to the Defendants' accused devices.

## II.   THE COURT SHOULD ORDER DEFENDANTS TO REASSESS THE REMAINING DOCUMENTS DESIGNATED AEO TO COMPLY WITH SECTION 4 OF THE PROTECTIVE ORDER.

Defendants have acted in bad faith by indiscriminately designating a vast majority of their documents as "AEO," while labeling very few (if any) documents as "Confidential." *See THK Am., Inc. v. NSK Co.*, 157 F.R.D. 637, 645 (N.D. Ill. 1993) (noting that "[d]efendants' wholesale use of 'Attorneys' Eyes Only' stands the Protective Order on its head. What was intended by the very language of the Protective Order to be a very *limited* category reserved for specially sensitive documents has become the most used category by far in the lawsuit") (emphasis in original). Indeed, it appears as though Defendants chose not review a large number of these documents before designating them as AEO, presumably because they did not want to incur the expenses of conducting their own review of such trivial material. *See e.g., Paradigm Alliance, Inc. v. Celeritas Technologies, LLC,* 248 F.R.D. 598, 605 (D. Kan. 2008) (noting that "[t]he duty of good faith in the protective order is a duty to review the documents in good faith

*before* designating them as [AEO]") (emphasis in original); *Orwasher v. A. Orwasher, Inc.*, No. 09-civ-1081 (VM) (JCF), 2010 WL 2017254, at *3 (S.D.N.Y. May 20, 2010) (finding that defendants' failure to review their own documents before labeling them as "highly confidential" to "avoid incurring the unnecessary expense" was "unjustified in light of the Protective Order").

At this time, Plaintiff cannot say precisely what percentage of the production was designated AEO because the 24,056 documents (596,906 pages) were not produced in a searchable format. Plaintiff should not be required to expend the time and money to re-review all of Defendants' documents to assess whether they have been properly designated each as "AEO." Because confidentiality has already become a contentious issue in this case, as Defendants' have filed a motion for sanctions that Plaintiff asserts is based on improper confidentiality designations, it is proper for the Court to enforce Section 4 of the Protective Order by ordering Defendants to reassess their confidentiality designations for all of their AEO documents.

## CONCLUSION

For the above stated reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion.

Respectfully submitted,

Dated: September 14, 2015

DILWORTH PAXSON LLP

By:  /s/ *James J. Rodgers*
    James J. Rodgers

James J. Rodgers
Gary D. Colby
Mark W. Halderman
99 Park Avenue, Suite 320
New York, NY 10016
(917) 675-4260 (telephone)
(212) 208-6874 (facsimile)

118461159_1

1500 Market St. 3500E
Philadelphia, PA 19102
(215) 575-7000 (telephone)
(215) 557-7200 (facsimile)
jrodgers@dilworthlaw.com
gcolby@dilworthlaw.com
mwhalderman@dilworthlaw.com

*Attorneys for Harvey H. Jay, M.D.*

10

118461159_1