IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY H. JAY, ) <br> ) <br>        Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> SPECTRUM BRANDS HOLDINGS, INC., ) <br> SPECTRUM BRANDS, INC., and SHASER, ) <br> INC., ) <br> ) <br>        Defendants. ) <br> ) | C.A. No. 1:13-cv-8137-LTS-DCF |

**DECLARATION OF MARTIN E. GILMORE IN SUPPORT OF SPECTRUM'S OPPOSITION TO PLAINTIFF'S MOTION TO "STRIKE DEFENDANTS' CONFIDENTIALITY DESIGNATIONS AND TO ENFORCE PROTECTIVE ORDER"**

I, Martin E. Gilmore, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney duly licensed to practice law in the State of New York. I am a Counsel at the law firm Wilmer Cutler Pickering Hale and Dorr LLP, which represents Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser, Inc. ("Spectrum"), the Defendants in the above-entitled proceedings.

2. On January 14, 2015, Plaintiff Harvey H. Jay served his First Set of Requests for Production. A true and correct copy of these requests for production is attached hereto as **Exhibit A**.

3. On February 20, 2015, Jay's counsel sent me a letter in which he expressed Jay's dissatisfaction with Spectrum's objections and responses to Jay's First Set of Requests for Production, and requested a meet and confer to resolve disputes "without the need for court intervention." A true and correct copy of this letter is attached hereto as **Exhibit B**.

4.  On March 20, 2015, Jay's counsel sent me an additional letter in which he argued that "document production on a rolling basis within a reasonable timeframe" was "not sufficient," and in which he stated that Jay would move to compel production if Spectrum did not agree to produce documents immediately.  A true and correct copy of this letter is attached hereto as **Exhibit C**.

5.  On October 1, 2015, I oversaw the preparation of a document summarizing Spectrum's production of documents to Jay, which is attached hereto as **Exhibit D**.  This summary document truly and accurately reflects dates, Bates numbers, and quantities of documents produced to Jay in response to his document requests, as these dates, Bates numbers, and quantities were recorded at or near the time of production.

6.  On August 6, 2015, I sent a letter to Jay's counsel noting that Jay had designated a 10-year old letter to the FDA as confidential under the Protective Order.  A true and correct copy of this letter is attached hereto as **Exhibit E**.

7.  On June 25, 2015, Jay took Richard Lee's deposition by oral examination.  A true and correct copy of non-confidential excerpts from the transcript of this deposition is attached hereto as **Exhibit F**.

8.  On July 1, 2015, Jay took Daniel Roth's deposition by oral examination.  A true and correct copy of non-confidential excerpts from the transcript of this deposition is attached hereto as **Exhibit G**.

Dated: October 1, 2015

_____
Martin E. Gilmore