UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

HARVEY JAY, M.D.,

       Plaintiff,

    -v-                              No.  13CV8137-LTS-DCF

SPECTRUM BRANDS HOLDINGS, INC. et al.,

       Defendants.

------------------------------------------------------x

### MEMORANDUM ORDER

      Plaintiff, Harvey Jay, M.D., filed this lawsuit on November 14, 2013, claiming that Spectrum Brands Holdings, Inc., Spectrum Brands, Inc., and Shaser, Inc. ("Spectrum" or "Defendants") infringed five of Plaintiff's U.S. patents pertaining to hair removal techniques. On July 22, 2015, Spectrum filed the instant motion, seeking leave to amend its Answer and Counterclaims to include a defense and counterclaim of inequitable conduct.

      The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.  The Court has reviewed carefully the submissions made by both parties.  For the following reasons, Defendants' motion is denied.

### BACKGROUND

      This is a patent infringement case in which Plaintiff alleges that the Defendants employed hair removal techniques that infringed upon five U.S. Patents (the "Jay Patents").  The Jay Patents are directed to techniques of temporary hair removal primarily utilizing light targeted at the hair.  (See Memo. Op. and Order, docket entry no. 88 at 2.)

      The Defendants filed their Answer, including ten counterclaims that seek

declarations of non-infringement, on February 26, 2014.  (Docket entry no. 20.)  On March 7, 2014, the Court issued a Scheduling Order, which provided that "[a]ll applications to amend pleadings or join parties, or amendments or joinders as of right, must be [made] within 60 days after the entry of this Order."  (Docket entry no. 23 at ¶ 1.)  The Scheduling Order further provided that "[t]he deadlines set forth in this Pre-Trial Scheduling Order shall not be adjourned except in the Court's discretion upon good cause as shown . . . . 'Good cause,' as used in this paragraph, does not include circumstances within the control of counsel or the client."  (Id. at ¶ 11.)  No such application or amendments were filed prior to the May 7, 2014, deadline.

On July 22, 2015, Defendants filed the instant motion, pursuant to Federal Rule of Civil Procedure 15,  for leave to amend their Answer and Counterclaims to include a defense and counterclaim that the patents-in-suit are unenforceable based on alleged inequitable conduct in prosecution of them.  Defendants assert that Jay's prior art publications and deposition testimony demonstrate that he withheld from the U.S. Patent and Trademark Office ("PTO") his own prior publications showing that he regarded representations he made to the PTO as false.

<u>DISCUSSION</u>

Defendants' request for leave to amend their pleadings was made more than one year after the deadline set forth in the Scheduling Order.  Federal Rule of Civil Procedure 15(a)(2) provides that, outside the permitted amendment as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Rule 16(b), governing scheduling orders, on the other hand, provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Regarding the potential tension between the Rule 15(a) and 16(b) standards, the Second Circuit has stated that "[i]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good

cause requirement out of the Federal Rules of Civil Procedure."  <u>Parker v. Columbia Pictures Indus.</u>, 204 F.3d 326, 340 (2d Cir. 2000) (internal quotation marks and citations omitted).  Thus, once a scheduling order has been entered, the more lenient Rule 15(a) standard with respect to amending pleadings must be balanced against Rule 16(b)'s requirement that the order only be modified for "good cause."  <u>See</u> <u>Kassner v. 2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229, 243 (2d Cir. 2007); <u>see also</u> <u>Holmes v. Grubman</u>, 568 F.3d 329, 334 (2d Cir. 2009).  "Good cause" turns primarily on whether the moving party can demonstrate diligence, but the district court, in the exercise of its discretion, may also consider other factors, including whether allowing the amendment of the pleading will prejudice the defendants.  <u>Holmes</u>, 568 F.3d at 335.  Courts have denied leave to amend pleadings where the moving party knew or should have known the facts upon which the proposed amendment is based, but failed to include them in the original pleading.  <u>See</u> <u>Hoyle v. Dimond</u>, No. 08CV347, 2013 U.S. Dist. LEXIS 104285, at *5 (W.D.N.Y. Jul. 25, 2013); <u>Priestly v. American Airlines, Inc.</u>, 1991 WL 64459, at *2 (S.D.N.Y. Apr. 21, 1991).

Here, Defendants have not shown good cause as to why they did not diligently pursue their proposed amendment in a timely fashion.  As demonstrated by Defendants' own letter submitted as Exhibit I to their motion, Defendants were aware of the potential inequitable conduct defense as early as March 2014.  In a March 4, 2014, email to Plaintiff's counsel, Defendants explicitly raised the possibility of a claim of inequitable conduct, stating that they "have been disturbed to learn that Dr. Jay was aware of significant prior art that he never disclosed to the PTO during the prosecution of his patents."  (Decl. of Martin E. Gilmore in Supp. of Defs.' Mot. Amend., Ex. I.)  Defendants do not dispute that the documents containing the statements allegedly inconsistent with Jay's representations to the PTO were in their possession, at the latest, by September 2014.  Defendants offer no good reason why Jay's June 9, 2015, deposition was necessary to enable Defendants to plead inequitable conduct based on the statements within the

documents.  Defendants knew or should have known well before that time of the facts upon which the proposed amendment is based and have failed to demonstrate good cause for their failure to amend their pleadings in a timely manner.  See Parker, 204 F.3d at 340-41 (affirming district court's denial of leave to amend where plaintiff had all the information necessary at the commencement of the action to assert the proposed amendment).  Defendants' motion is, accordingly, denied.

CONCLUSION

Defendants' motion for leave to amend is denied.  This Memorandum Order resolves docket entry number 96.


SO ORDERED.


Dated: New York, New York
         November 25, 2015

                                                      /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge