IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY H. JAY, <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM BRANDS HOLDINGS, INC., SPECTRUM BRANDS, INC., and SHASER, INC., <br><br> Defendants. | C.A. No. 1:13-cv-8137-LTS-DCF |

**SPECTRUM'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR RECONSIDERATION
OF THE COURT'S DENIAL OF LEAVE TO AMEND**

**I.      Introduction**

This Court's November 25, 2015 Memorandum Order (Dkt. No. 128, hereinafter "Order") holds Spectrum to a standard in seeking amendment inconsistent with Federal Rules of Civil Procedure 9 and 11 and controlling Federal Circuit authority, and contrary to the liberality of Federal Rule of Civil Procedure 15.  Rules 9 and 11 and Federal Circuit authority require that Spectrum plead inequitable conduct—including a "specific intent to deceive the PTO"—with particularity, and support such allegations of inequitable conduct with evidence to support them or the good faith belief that such allegations would "likely" have such support after investigation.  Contrary to the Court's Order, Spectrum did not have "all the information necessary at the commencement of the action to assert the proposed amendment."  (Dkt. No. 128 at 4).  That information came only after discovery uncovered facts sufficient to substantiate a claim for inequitable conduct, and the Court should reconsider its Order excluding Spectrum's defense.

When it filed its original Answer and Counterclaims, and throughout the period specified for amendment in the Scheduling Order (Dkt. No. 23), there were no facts evidencing Jay's specific intent to deceive the PTO.  In particular, there was no evidence demonstrating Jay affirmatively and purposefully withheld his own prior art from the PTO to conceal that he regarded his representations to the PTO as false.  Spectrum thus lacked adequate information under Rule 11 to allege that Dr. Jay "made the conscious decision not to disclose [his prior art articles] in order to deceive the PTO."  *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1296 (Fed. Cir. 2011).  This information, contrary to what the Order suggests, was only available after Spectrum took Jay's deposition and was able to examine him regarding his knowledge, motives, and state of mind.  Reconsideration of Spectrum's motion for leave to amend is therefore respectfully requested.

**II.     Argument**

Spectrum could not plead inequitable conduct, including a "specific intent to deceive" with particularity during the amendment period set forth in the Scheduling Order.  Rule 11 "'imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact,'" *E. Fin. Corp. v. JSC Alchevsk Iron & Steel Works*, 258 F.R.D. 76, 85 (S.D.N.Y. 2008) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)) (internal quotations omitted).  In this case, a reasonable inquiry before alleging a specific intent to deceive the PTO required that Spectrum first depose and examine Jay regarding his knowledge, motives, and state of mind.

Inequitable conduct is a species of fraud and must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b).  *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009); *accord Cognex Corp. v. Microscan Sys., Inc.*, 990 F. Supp. 2d 408, 418

(S.D.N.Y. 2013).  "[T]o plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id*. at 1328. Facts pleaded must allow the court to "reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material representation, and (2) withheld or misrepresented this information **with a specific intent to deceive the PTO**." *Id.* at 1328-29.

Prior to deposing Jay on June 9, 2015, Spectrum had no information regarding Jay's specific intentions in prosecuting his patents, and thus no basis for alleging specific intent. Though Spectrum knew of documents (Dkt. No. 98, Exs. D-E) suggesting Jay made statements during prosecution that were inconsistent with prior statements he had made, inconsistency in statements (sometimes years apart) is insufficient to state an intention to deceive—it is possible that the earlier statements were later regarded as incorrect or that Jay had negligently forgotten about them.  Only Jay's deposition (Dkt. No. 98, Ex. G at 70-71) elicited that he knew of and continued to regard as true the earlier statements he made that contradicted what he told the PTO.  Jay's deposition testimony thus revealed that he understood his statements to the PTO about light based methods of permanent hair removal to be false when he made them to the PTO, and that he deliberately withheld this information from the PTO.  *Id.*

Only after Jay's deposition did Spectrum have a basis under Rule 11 to ground an inequitable conduct allegation.  *See Therasense*, 649 F.3d at 1291 (negligence alone is insufficient to sustain inequitable conduct allegations because intent to mislead the PTO must be "knowing and deliberate").  There was no lack of diligence or tactical choice to delay the discovery of facts supporting Spectrum's defense:

- Spectrum noticed Jay's deposition within two days of receiving the Markman Order (Dkt. No. 88; Dkt. No. 98, Ex. H), which established the materiality of the term "temporary" in

3

this case. A claim of inequitable conduct requires "but-for" materiality. *Therasense*, 649 F.3d at 1295-96 (evidence of statements "that 'refute[] or [are] inconsistent with' any position the applicant took regarding patentability" is not sufficient to allege inequitable conduct because "inconsistency" is not a proxy for materiality).

- Spectrum promptly moved for leave to amend upon receiving Jay's deposition transcript (*See* Dkt. No. 96; Stoner Decl., Ex. B).

The Court should be aware that the evidence of Jay's inequitable conduct has continued to mount since Spectrum moved to amend its pleading. At his deposition, Jay attempted to deflect the blame for withholding his own prior art from the PTO—that contradicted what he represented to the PTO—by claiming that he provided his patent attorneys with all prior art and that they decided what or what not to disclose. (Stoner Decl., Ex. A at 59-61, 109). Those patent attorneys have now testified that Jay's defense is unsubstantiated: (1) Jay never told them about any prior art, including the prior art articles at issue; and (2) they regarded these articles as material and would have disclosed them to the PTO had Jay provided the prior art articles to them. (Stoner Decl., Ex. C at 73-75, 84-86 (Uradnik Dep.); Stoner Decl., Ex. D at 72-77, 82-85 (Sudol Dep.)). These further facts, previously unavailable, further support Jay's specific intent to deceive the PTO.

In short, under the Federal Circuit's decisions in *Exergen* and *Therasense*, during the amendment period of the Scheduling Order, Spectrum could not plead inequitable conduct in a manner consistent with Federal Rules 9(b) and 11. With the requisite facts now adduced, and consistent with the Rule 15's requirement that "the court should freely give leave" to amend, the Court should reconsider its ruling and allow that pleading now.

### III. CONCLUSION

For the foregoing reasons, Spectrum respectfully requests that the Court grant its motion for reconsideration, and that the Court permit Spectrum to amend its counterclaims as set forth in

the Gilmore Declaration in Support of Spectrum's Motion for Leave to Amend (Dkt. No. 98, Ex. A).

Dated:  December 9, 2015

          WILMER CUTLER PICKERING
          HALE AND DORR LLP

          */s/ Wayne L. Stoner*

          Wayne L. Stoner
          Shira C. Hoffman
          60 State Street
          Boston, MA 02109
          (617) 526-6000 (t)
          (617) 526-5000 (f)
          wayne.stoner@wilmerhale.com
          shira.hoffman@wilmerhale.com

          Erin Greenfield Mehta
          7 World Trade Center
          250 Greenwich Street
          New York, NY 10007
          (212) 295-6380 (t)
          (212) 230-8888 (f)
          350 S. Grand Ave., Suite 2100
          Los Angeles, CA 90071
          (213) 443-5300 (t)
          (213) 443-5400 (f)
          erin.mehta@wilmerhale.com

          *Attorneys for Defendants and Counterclaim-Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this December 9, 2015, I caused to be served a true and correct copy of the foregoing Motion for Reconsideration of Spectrum's Motion for Leave to Amend its Answer and Counterclaims via the Court's ECF system upon all counsel of record.

                                            */s/ Shira C. Hoffman*
                                            Shira C. Hoffman