IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY H. JAY,<br><br>              *Plaintiff*,<br>v.<br><br>SPECTRUM BRANDS HOLDINGS, INC., SPECTRUM BRANDS, INC., and SHASER, INC.,<br><br>              *Defendants*. | C.A. No. 1:13-cv-8137-LTS-DCF |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION FOR
<u>RECONSIDERATION OF THE COURT'S DENIAL OF LEAVE TO AMEND</u>**

Dated: December 23, 2015

                                                                             DILWORTH PAXSON LLP

                                                                             Jennifer Platzkere Snyder, Esquire
                                                                             99 Park Avenue, Suite 320
                                                                             New York, NY 10016

                                                                             Gary D. Colby, Esquire
                                                                             James J. Rodgers, Esquire
                                                                             1500 Market StreetSuite 3500E
                                                                             Philadelphia, PA 19102

                                                                             *Attorneys for Harvey H. Jay, M.D.*

Spectrum fails to point to any proper justification under Local Civil Rule 6.3 for its request that the Court reconsider its Memorandum Order denying Spectrum's request for leave to amend its pleadings (Dkt. No. 128). Because Spectrum fails to explain any overlooked legal authority, new evidence, or intervening change of law that could have altered the Court's decision, the Court should deny Spectrum's Motion (Dkt. No. 130, 131) on this basis alone. Further, Spectrum continues to advance the wrong legal standard for amendment of a scheduling order and does not even attempt to show "good cause," as required by the Second Circuit and this Court. In addition, most of the arguments and factual allegations asserted in Spectrum's Motion are improper as they merely repeat the arguments it made during its initial briefing. Finally, the few additional factual allegations that Spectrum now points to as confirmation of wrongdoing by Dr. Jay, do not change the fact that Spectrum already had the requisite facts in its possession to plead inequitable conduct within the time allotted by the Scheduling Order. Dr. Jay, therefore, respectfully requests the Court deny Spectrum's Motion.

## ARGUMENT

### I.  Spectrum Cannot Justify its Request for Reconsideration.

Spectrum fails to even inform the Court of the situations in which a motion for reconsideration is proper. A motion for reconsideration under Local Civil Rule 6.3 is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Liu v. Credit Suisse First Boston Corp.*, 399 F.Supp.2d 298, 300 (S.D.N.Y. 2005) (internal quotation marks omitted). Reconsideration is typically only permitted when "the movant ha[s] pointed to 'controlling decisions or data that the court overlooked'— matters 'that might reasonably be expected to alter the conclusion reached by the court." *Small v. Nobel Biocare USA, LLC*, No. 05-cv-3225, 2012 WL 952396, *1 (S.D.N.Y. Mar. 21, 2012) (quoting *Lora v. O'Heany*, 602 F.3d 106, 111 (2d Cir. 2010). Further, reconsideration may be

appropriate in three narrow circumstances: 1) where the movant demonstrates that there has been an intervening change of controlling law; 2) where new evidence has become available; or 3) where there is a need to correct a clear error or prevent manifest injustice. *Small v. Nobel Biocare USA, LLC*, No. 05-cv-3225, 2012 WL 952396, \*1 (S.D.N.Y. Mar. 21, 2012) (quotation omitted).

Here, it is clear that there is no new or overlooked legal authority. Rather, other than one citation to *E. Fin. Corp. v. JSC*, 258 F.R.D. 76, 85 (S.D.N.Y. 2008), which merely explains the duty imposed by Federal Rule 11, Spectrum only rehashes *Therasense v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011), *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009) and Federal Rules 9, 11, and 15, as it did in its original briefing. *See* Dkt. Nos. 97, 107. Because there is no new or missed legal authority, the only possible basis for Spectrum's Motion could be the availability of new evidence or the existence of a clear error or manifest injustice. As further explained below, these situations are inapplicable here.

## II. Spectrum has not Presented Sufficient New Evidence to Establish "Good Cause" or Show a Manifest Injustice or Clear Error.

### a. Spectrum Continues to Apply the Wrong Legal Standard.

Initially, as it did in its Motion for Leave to Amend, Spectrum continues to rely on Federal Rule of Civil Procedure 15, rather than the correct standard prescribed by Rule 16(b). *See, e.g.*, Dkt. No. 107 at 2-3. In its Memorandum Order, this Court found that Spectrum failed to demonstrate "good cause" for amending its pleading under Rule 16(b). Dkt. No. 128 at 3. As correctly recognized by the Court, Rule 16(b) provides that "'[a] schedule may be modified only for good cause and with the judge's consent.'" *Id*. at 2. Further, "[r]egarding the potential tension between the Rule 15(a) and 16(b) standards, the Second Circuit has stated that '[i]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders

meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'" *Id*. at 2-3 (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (internal quotation marks and citations omitted). "Good cause" turns "primarily on whether the moving party can demonstrate diligence, but the district court, in the exercise of its discretion, may also consider other factors, including whether allowing the amendment of the pleading will prejudice the defendants." *Id*. at 3 (citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).

Still, despite the Court informing Spectrum of the proper "good cause" standard of Rule 16, Spectrum (without citing to any new authority) ignores the Court's order and continues to apply the more liberal standard of Rule 15. *See*, *e.g.*, Dkt. No. 131 at 4 ("With the requisite facts now adduced, and consistent with the **Rule 15's requirement that 'the court should freely give leave'** to amend, the Court should reconsider its ruling and allow that pleading now.") (emphasis added). Indeed, nowhere in its Motion for Reconsideration does Spectrum even mention Rule 16 or the "good cause" standard.

### b. The Majority of Spectrum's Motion Merely Repeats Arguments and Facts Discussed in its Earlier Briefing.

The basis for Spectrum's argument is that it was not able to plead "specific intent to deceive" with particularity for its inequitable conduct claims until after it deposed Dr. Jay regarding his knowledge, motives, and state of mind. *See*, *e.g.*, Dkt. 131 at 2. This is exactly the same argument that Spectrum made in its original briefing. *See*, *e.g.*, Dkt. No. 97 at 3-4; Dkt. No. 107 at 3-4. These same arguments, however, cannot be the basis for Spectrum's Motion for Reconsideration. *See Newman v. RCN Telecom Servs., Inc.*, 448 F. Supp. 2d 556, 558 (S.D.N.Y. 2006) ("Because Newman has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider,

3

Newman's motion for reconsideration is DENIED."); *see also In re Houbigant, Inc.,* 914 F. Supp. 997, 1001 (noting that a motion for reconsideration is not an opportunity for the moving party "to reargue those issues already considered when a party does not like the way the original motion was resolved"); *Am. Home Assurance Co. v. CROWLEY AMBASSADOR*, No. 01-CIV.3605 PKL, 2003 WL 21313972, at *4 (S.D.N.Y. June 6, 2003) ("A motion for reconsideration is not an opportunity to press more strenuously the same arguments made in the original motion.").

### c. The Few Additional Facts that Spectrum Proffers do not Amount to Good Cause.

The only new evidence that Spectrum presents in its Motion for Reconsideration is recent deposition testimony from two attorneys who prosecuted the patents-in-suit on Dr. Jay's behalf. Dkt. No. 131 at 4.  According to Spectrum, testimony from the Uradnik and Sudol depositions is inconsistent with Dr. Jay's recollection regarding how he and/or his patent attorneys decided which prior art to disclose to the PTO. *Id.*  This argument, however, is irrelevant as to whether Spectrum had "good cause" to add an inequitable conduct defense back in July 2015 (*i.e.*, the defense could have been alleged regardless of whether inequitable conduct was purportedly perpetrated by Dr. Jay or by his agent).  Indeed, even without this new evidence, which Spectrum inaccurately asserts to confirm that Dr. Jay made inconsistent statements to the PTO[1], the Court already decided that Spectrum had enough facts to plead inequitable conduct no later than September 2014, and that Spectrum was not diligent in seeking leave to amend their pleadings nearly a year later.  *See*, Dkt. No. 128 at 3-4 ("Defendants do not dispute that the documents containing the statements allegedly inconsistent with Jay's representations to the PTO were in

---

[1] Spectrum continues to misrepresent Dr. Jay's consistent distinction between the FDA's specialized use of the term "permanent hair reduction." (*See*, *e.g.*, Dkt. No. 98, Ex G at 72 ("*Permanent as according to the FDA's definition of permanent, which is one year … That isn't my definition. That's the FDA's definition.*")) and the ordinary meaning of "permanent" as a "false" statement to the PTO.  *See* Dkt. No. 131 at 4.

4

their possession, at the latest, by September 2014. Defendants offer no good reason why Jay's June 9, 2015, deposition was necessary to enable Defendants to plead inequitable conduct based on the statements within the documents."). Nothing about the new evidence cited by Spectrum changes the fact that it could have pled inequitable conduct back in 2014. As such, there is no reason for the Court to depart from the rulings in its original Memorandum Order.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Reconsideration of the Court's Denial of Leave to Amend.

Respectfully submitted,

Dated: December 23, 2015

DILWORTH PAXSON LLP

By: */s/ Jennifer Platzkere Snyder*
Jennifer Platzkere Snyder, Esquire
99 Park Avenue, Suite 320
New York, NY 10016
(917) 675-4250 (telephone)
(212) 208-6874 (facsimile)

Gary D. Colby, Esquire
James J. Rodgers, Esquire
1500 Market Street Suite 3500E
Philadelphia, PA 19102
(215) 575-7000 (telephone)
(215) 557-7200 (facsimile)
jsnyder@dilworthlaw.com
gcolby@dilworthlaw.com
jrodgers@dilworthlaw.com

*Attorneys for Harvey H. Jay, M.D.*

## **CERTIFICATE OF SERVICE**

    I, Mark W. Halderman, Esq., hereby certify that, on December 23, 2015, the foregoing Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Reconsideration of the Court's Denial of Leave to Amend was served upon all parties of record via the Court's ECF system

                                                        /s/ *Mark W. Halderman*
                                                        Mark W. Halderman